

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

03   12611   JLT

FILED
IN CLERK'S OFFICE
2003 DEC      12: 27
U.S. DISTRICT COURT
DISTRICT OF MASS.

ROBERT MERCIER                        )
71 Petrified Gardens Road             )
Saratoga Springs, NY 18266            )
                                      )
            Plaintiff,                )   MAGISTRATE JUDGE Bowler
                                      )
      v.                              )
                                      )
CSX TRANSPORTATION                    )
116 Pleasant Street                   )   CIVIL ACTION NO.
Easthampton, MA 01027                 )
                                      )

## COMPLAINT

COMES NOW the plaintiff, Robert Mercier, by and through the undersigned counsel, Mario Bozza, Esq and Barish Law Offices, P.C., and claims of the defendant, CSX Transportation, an amount in excess of the statutory arbitration limits, and avers the following:

1.     Plaintiff, Robert Mercier is an adult individual residing at 71 Petrified Gardens Road, Saratago Springs, NY 18266.

2.     Defendant, CSX Transportation, its predecessors, subsidiaries, agents, servants and employees, at all time pertinent in the past, is a domestic corporation engaged in the business of a common carrier by railroad in interstate commerce. At all relevant times, the Defendant and/or Defendant's predecessors in interest was regularly and systematically conducting its business activities and affairs within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and was engaged in interstate commerce and transportation.

AMOUNT $ 150   52735
SUMMONS ISSUED  YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.  F.O.M
      12/29/03

3.    At all times material hereto and for some time prior thereto, plaintiff was in the employ of defendant as an engineer in its business of interstate commerce and transportation by railroad.

4.    This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§51, et seq. (1908) and the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., recodified in 49 U.S.C.A. §§ 20301, et seq., and Locomotive Boiler Inspection Act, 45 U.S.C.A. §§ 23, et seq., recodified in 49 U.S.C.A. §§ 20702, et seq.

5.    At all times material hereto, and for a significant and prolonged period of time prior thereto, plaintiff was working in the course and scope of his employment as a conductor at the defendant's train Q11920 traveling in or about Grafton, Massachusetts.

6.    On or about May 20, 2003, while working aboard defendant's train traveling from Boston, Massachusetts to Selkirk, New York, and while on a locomotive in the course and scope of his employment, plaintiff was caused to suffer severe personal injuries when the seat and/or chair gave way and/or collapsed at or near Grafton, Massachusetts.

7.    Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

    (a)    failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to maintain the subject locomotive and/or the subject seat, chair and/or other appurtenance in a reasonable safe condition;

(b)    failing to properly maintain, inspect and repair such seat, chair and/or other appurtenance which plaintiff was required to use in the course and scope of his employment to ensure that same were reasonably safe to use and in good working condition;

(c )    failing to warn plaintiff of the hazardous and/or dangerous condition of the work area, including but not limited to the subject locomotive and/or its subject seat, chair and/or other appurtenance which was defective.

(d)    failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject locomotive and/or its locomotive seat, chair or other appurtenance, when defendant knew or should have known that said conditions existed.

(e)    failing to use ordinary care to service and/or maintain the subject locomotive and/or its locomotive seat, chair or other appurtenance in a reasonable safe condition and free from hazards putting the plaintiff at a risk of harm.

(f)    failing to use ordinary care to properly inspect the subject locomotive to ensure that same was in a reasonable safe condition;

(g)    failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance , operation and/or use of the subject locomotive and/or its locomotive seat, chair and/or other appurtenance;

(h)    failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions involving the locomotive and/or its locomotive seat, chair or other appurtenance, as more fully described above; and

(i)    failing to provide plaintiff with proper tools and equipment to perform his job without risk of injury.

9.     As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his back by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

10.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

11.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

12.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

13.    The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and employees and/or its

ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff, Robert Mercier, demands judgment in his favor and against defendant CSX Transportation in an amount in excess of the statutory arbitration limits as compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

Dated:    12-15-03

By: _____
Mario Bozza, Esq.
BBO: 052860
63 Commercial Wharf
Boston, MA 02110
617-367-3100

Of Counsel:

By_____
Adam D. Wilf, Esq.
BARISH LAW OFFICES, P.C.
1601 Cherry Street
Three Parkway – 13th Floor
Philadelphia, PA 19102