UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT F. MERCIER,
    Plaintiff,

v.

CSX TRANSPORTATION, INC.,
    Defendant.

Case Number: 03.12611.JLT

## CSX TRANSPORTATION, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

The defendant, CSX Transportation, Inc., by its attorneys, Flynn & Associates, P.C., and in response to the plaintiff's *Complaint* answers as follows:

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 1 and calls upon the plaintiffs to prove the same.

2. The defendant CSX Transportation, Inc. ("CSX") admits that it is a corporation duly organized under law with a principal place of business located in Jacksonville, FL, that it is in the business of a common carrier by railroad in interstate commerce, and that it regularly and systematically conducts business activities within the jurisdiction of this Court, and denies the remaining allegations set forth in ¶ 2.

3. The defendant admits that it employed the plaintiff on May 20, 2003, in its business of interstate commerce and transportation by railroad, and denies the remaining allegations of ¶ 3.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 4 and calls upon the plaintiffs to prove the same.

5. The defendant admits that on May 20, 2003, the plaintiff was a conductor on its train Q11920 and that said train traveled into, through, and from Grafton, MA, but it is without

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 5 and calls upon the plaintiffs to prove the same.

6. The defendant admits that on May 20, 2003, the plaintiff was a conductor on its train Q11920 and that said train traveled into, through, and from Grafton, MA, but it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 6 and calls upon the plaintiffs to prove the same.

7. Denied.

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 8 and calls upon the plaintiffs to prove the same.

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 9 and calls upon the plaintiffs to prove the same.

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 10 and calls upon the plaintiffs to prove the same.

11. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 11 and calls upon the plaintiffs to prove the same.

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 12 and calls upon the plaintiffs to prove the same.

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 13 and calls upon the plaintiffs to prove the same.

**WHEREFORE**, the defendant, CSX Transportation, Inc., says that the plaintiff's complaint against it should be dismissed and that judgment enter for the defendant, CSX Transportation, Inc., together with its attorneys' fees, costs, expenses, interest and such other relief as this Honorable Court deems proper under the circumstances

## FIRST AFFIRMATIVE DEFENSE

And further answering, CSXT says that the complaint should be dismissed pursuant to Rule 12(b)(8), insofar as the defendant has been misnamed, its true name being CSX Transportation, Inc.

## SECOND AFFIRMATIVE DEFENSE

And further answering, CSXT says that the acts complained of were not committed by a person for whose conduct the defendant was legally responsible.

## THIRD AFFIRMATIVE DEFENSE

And further answering, CSXT says that the plaintiff's *Complaint* should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that to the extent it had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that plaintiff's *Complaint* should be dismissed pursuant to Mass. R. Civ. P. 12(b)(4) for insufficient process.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that the plaintiff's *Complaint* should be dismissed pursuant to Mass. R. Civ. P. 12(b)(5) for insufficient services of process.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that the plaintiff's *Complaint* should be dismissed pursuant to Mass. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff failed to give notice of any claim, as required by law, and the defendant was thereby prejudiced; wherefore, the plaintiff is barred from recovery.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that plaintiff's injuries were caused by or the result of his own intentional conduct and, therefore, he is barred from recovery.

## NINTH AFFIRMATIVE DEFENSE

And further answering, CSXT denies the applicability of the doctrine of strict liability in tort to this litigation.

## TENTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that if it is found to be negligent, the plaintiff was also negligent, wherefore any damages awarded must be reduced by the degree of his comparative negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that the plaintiff's claims are barred by the doctrines of *Estoppel* and/or *Waiver*.

## TWELFTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that the plaintiff's injuries were caused by or result from his own negligence and, therefore, he is barred from recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that the plaintiff has failed to mitigate his damages and, therefore, is barred from recovery.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that the plaintiff was guilty of a violation of law or job regulation which contributed or caused the injury or damages complained of in his *Complaint*.

## FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that the plaintiff failed to comply with law or job regulation which contributed to cause the injury or damages complained of in his *Complaint*.

## SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that the injuries or damages alleged were caused in whole or in part by the violation by the plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

## SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that the plaintiffs' recovery, if any, is barred or limited according to the applicable case law, statutes, and regulations including, but not limited to, 45 U.S.C. § 51, et seq.

## EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that, while denying the plaintiffs sustained injuries and damages alleged, any damages the plaintiff may ultimately be entitled to recover from CSXT may be or are possibly limited in scope by the provisions of the *Federal Employer's Liability Act*, and said recovery may be limited as to those damages specifically enunciated therein. Accordingly, in the event said act is applicable, all sections of the plaintiff's *Complaint* seeking damages other than those provided for in the *Federal Employer's Liability Act* fail to state a valid causes of action upon which relief may be granted and should be dismissed. Alternatively, all said sections of the plaintiff's *Complaint* should be stricken.

## NINETEENTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that, while denying the plaintiffs sustained injuries and damages alleged, any damages the plaintiff may ultimately be entitled to recover from CSXT may be or are possibly limited in scope by the provisions of the *Federal Safety Appliance Act*,

and said recovery may be limited as to those damages specifically enunciated therein. Accordingly, in the event said act is applicable, all sections of the plaintiff's *Complaint* seeking damages other than those provided for in the *Federal Safety Appliance Act* fail to state a valid causes of action upon which relief may be granted and should be dismissed. Alternatively, all said sections of the plaintiff's *Complaint* should be stricken.

### TWENTIETH AFFIRMATIVE DEFENSE

And further answering, says that, while denying the plaintiffs sustained injuries and damages alleged, any damages the plaintiffs may ultimately be entitled to recover from Conrail and/or CSXT may be or are possibly limited in scope by the provisions of the *Boiler Inspection Act*, and said recovery may be limited as to those damages specifically enunciated therein. Accordingly, in the event said act is applicable, all sections of the plaintiff's *Complaint* seeking damages other than those provided for in the *Boiler Inspection Act* fail to state a valid causes of action upon which relief may be granted and should be dismissed. Alternatively, all said sections of the plaintiff's *Complaint* should be stricken.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering, CSXT says that the plaintiffs' alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrences which made the basis of the plaintiff's *Complaint*.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

And further answering, CSXT says that they have performed and fulfilled all promises and obligations, if any exist or existed, therefore, the plaintiff is barred from recovery.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

And further answering, CSXT says that, at all relevant times hereto, the state of medical and scientific knowledge and the state of the art or design and manufacture of conductor's seat

was such that CSXT neither knew nor should have known that such product presented a significant risk of harm to the plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, CSXT says that, at all times prior to the plaintiff's entering upon and riding in locomotive CSXT 5105 on May 20, 2003, the chair in question was in safe and proper working order, and worked properly.

### JURY DEMAND

The defendants hereby make claim for a trial by jury as to all issues.

Respectfully submitted,
CSX TRANSPORTATION, INC.,
by its attorneys,

*/s/ Michael B. Flynn*

Michael B. Flynn           BBO #559023
Richard A. Davidson, Jr.   BBO #552988
FLYNN & ASSOCIATES, P.C.
189 State Street
Sixth Floor
Boston, MA 02109
(617) 722-8253

### CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing pleading on all parties by hand/mail delivering same, to all counsel of record.
Signed under the pains and penalties of perjury.

DATED  */s/ Michael B. Flynn*
         1-28-04

Dated: January 28, 2004