UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT F. MERCIER,
        Plaintiff,

v.

CSX TRANSPORTATION, INC.,
        Defendant.

Case Number: 03 12611 JLT

### DEFENDANT CSX CORPORATION'S MOTION TO TRANSFER ACTION TO THE WESTERN DIVISION

The defendant, CSX Transportation, Inc. ("CSX"), hereby moves, pursuant to L.R. 40.1(F), that this Honorable Court transfer this action to the Western Division.

As grounds therefore, the defendant states as follows:

1. CSX maintains a General Claims Office located in Easthampton, MA, which is located in Hampshire County and within the jurisdiction of the Western Division. *See*: L.R. 40.1(C)(3).

2. CSX maintains no other General Claims Office within the District of Massachusetts.

3. Plaintiff, Robert F. Mercier ("Mercier"), is a resident of Saratoga Springs, NY.

4. Saratoga Springs, NY is located nearest to the Western Division of the District of Massachusetts than any other division.

5. Upon information and belief, CSX states that all of Mercier's treating physicians and witnesses are located in the State of New York in or near Selkirk, Albany, and/or Clifton Park, and these cities are located nearest to the Western Division than to any other division of the

District of Massachusetts; therefore, it would be most convenient to the plaintiff and his witnesses that the case be transferred to the Western Division.

6. CSX states that it would be convenient to its witnesses and expedite the discovery of this action that the action be transferred to the Western Division as most of its witnesses and records, which are necessary to defend this action, are located in or near Selkirk, NY.

7. On his Category Sheet, filed with the *Complaint*, Mercier correctly identified, at ¶ 7, that that CSX's General Claims Office was located in the Western Division. *See*: *Category Sheet*, a copy of which is attached hereto as Exhibit "A."

8. The interests of justice would be best served by the allowance of this motion.

9. CSX states that the foregoing demonstrates good cause and the within motion should be allowed in the interest of judicial economy and convenience of the parties.

WHEREFORE, CSX Transportation, Inc. requests that this matter be transferred to the Western Division of the District of Massachusetts.

### REQUEST FOR HEARING

In accordance with Local Rule 7.1(D), the defendant believes that oral argument may assist the court and wishes to be heard and therefore requests that the court schedule a hearing on the within motion.

Respectfully submitted,
CSX TRANSPORTATION, INC.,
by its attorneys,

_____
Michael B. Flynn          BBO #559023
Richard A. Davidson, Jr.  BBO #552988
FLYNN & ASSOCIATES, P.C.
189 State Street
Sixth Floor
Boston, MA 02109
(617) 722-8253

Dated: February 3, 2004

## CERTIFICATION OF COUNSEL

In accordance with L. R. 7.1(A)(2), I, Richard A. Davidson, Jr., certify that I have conferred with opposing counsel on February 2, 2004, and attempted in good faith to resolve or narrow the issues set forth in the attached motion.

Signed under the pains and penalties of perjury this 3rd day of February, 2004

_____
Richard A. Davidson, Jr.    BBO# 552988

### CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing pleading on all parties by hand/mail delivering same, to all counsel of record.
Signed under the pains and penalties of perjury.

DATED  _____

02-03-04