UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT F. MERCIER,
          Plaintiff,

v.

CSX TRANSPORTATION, INC.,
          Defendant.

Case Number: 03 12611 MAP

### DEFENDANT CSX TRANSPORTATION INC.' S MOTION IN LIMINE TO EXCLUDE REPORTS OF THE PLAINTIFF'S ACCIDENT

The defendant CSX Transportation, Inc. ("CSX") hereby submits this *Motion in Limine to Exclude Reports of the Plaintiff's Accident* ("*Motion*"). As grounds therefore, the defendant states as follows:

### I. FACTUAL BACKGROUND:

On June 27, 2003, CSX employee Steve Wilson (one of the plaintiff's supervisors) prepared a *Personal Injury/Occupational Illness Report* ("*Report*") pertaining to the plaintiff's accident. *See Personal Injury/Occupational Illness Report*, a copy of which is attached as Exhibit "A." In the Report, Mr. Wilson notes that "<u>employee states</u>: went to ajuct [sic] seat back on eng 5105 and leaned back there [sic] seat back juct [sic] fell back on me." Exh. A (emphasis added).

### II. DISCUSSION OF LAW:

**A.** **<u>The Report is Inadmissible Hearsay</u>:**

According to the Federal Rules of Evidence, "'[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Furthermore, "[H]earsay is not admissible

except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802. Hearsay statements may be admissible if they qualify as a hearsay exception or exemption; otherwise, they are inadmissible. *See* Fed. R. Evid. 803, 804. Where a statement contains multiple levels of hearsay, each hearsay statement must be admissible under a hearsay exception. *See* Fed. R. Evid. 805.

Here, the Report is inadmissible hearsay and does not fall into any of the hearsay exceptions or exemptions. Even if the Report itself is not considered hearsay, Mr. Wilson's conclusions regarding the plaintiff's accident and injuries sustained is clearly totem-pole hearsay since it is based solely on the plaintiff's own hearsay statement, or on the statement of a co-worker which in turn is based on the plaintiff's statement. Although the Report should be excluded in its entirety, at the very least the portions which amount to hearsay statements should be excluded.

WHEREFORE, for all of the above-stated reasons, the defendant respectfully requests that its *Motion in Limine to Exclude Reports of the Plaintiff's Accident* be allowed.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the defendant respectfully states that oral argument may assist the Court and requests a hearing on its *Motion in Limine*.

Respectfully Submitted,
The Defendant,
CSX TRANSPORTATION, INC.
By its attorneys,


/s/Michael B. Flynn
Michael B. Flynn, BBO #559023
*mbflynn@flynnassoc.com*
Richard A. Davidson, Jr., BBO #552988
*radavidsonjr@flynnassoc.com*
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
(617) 773-5500

DATED: _____

G:\F & A\CASE FILES\CSX PI\Mercier\Pleadings\Motions in Limine\MIL excluding reports of accident.doc