# Exhibit "A2"

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT F. MERCIER, | : | |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | Civil Action No. 03-12611-MAP |
| CSX TRANSPORTATION, INC., | : | |
| | : | |
| Defendant | : | |

### PLAINTIFF'S REQUESTED POINTS FOR CHARGE

The learned Trial Judge is respectfully requested to charge the jury as follows:

### NEGLIGENCE

1.      The plaintiff brings this action against the defendant under a special Act of Congress entitled the Federal Employers' Liability Act ("FELA"). See 45 U.S.C.A. §§51, et seq. (1908). That Act provides in substance that every railroad engaged in interstate commerce shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents, or employees or from any defect or deficiency, due to its negligence, in its cars, machinery, tracks, roadbeds, or work areas. See 45 U.S.C.A. §§51, et seq. (1908). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-6, Instruction 89-1 (1997).

2.    Under the FELA, you may find the defendant liable for plaintiff's injuries if you determine by a preponderance of the evidence that:  (1) the defendant was a railroad engaged in interstate commerce; (2) the plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment; (3) the defendant, by or through its employees, officers, or agents, was negligent; and, (4) such negligence played any part, no matter how slight, in producing the plaintiff's injury.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-7, Instruction 89-2 (1997).

3.    Since the defendant is a corporate entity, which can act only through its officers, employees, and agents, it is liable under the FELA for their negligence. Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation. It can consist of doing something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances. See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108 (1963); Tiller v. Atlantic Coast Line R.R., 318 U.S. 54 (1943). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-22, Instruction 89-9 (1997).

4.    The degree of care which must be exercised, however, varies with the level of risk. The greater the risk of harm, the greater the required level of care.  See Urie v. Thompson, 337 U.S. 163 (1949); Bailey v. Central Vermont Ry., 319 U.S. 350 (1943); Tiller v. Atlantic Coast Line R.R., 318 U.S. 54 (1943).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-28, Instruction 89-12 (1997).

5.    The FELA imposes on a railroad a duty to exercise reasonable care to provide all of its employees with a reasonably safe place in which to work, reasonably safe conditions in which to perform their duties, and reasonably safe tools and equipment with which to complete their jobs. See Shenker v. Baltimore & Ohio R.R., 374 U.S. 1 (1963); Urie v. Thompson, 337 U.S. 163 (1949); Bailey v. Central Vermont R.R., 319 U.S. 350 (1943); Carter v. Union R.R., 438 F.2d 208 (3d Cir. 1971); Pehowic v. Erie Lackawanna R.R., 430 F.2d 697 (3d Cir. 1970). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-29, Instruction 89-13 (1997).

6.    This non-delegable duty is continuing and imposes on a railroad a responsibility to inspect, maintain, and/or repair its property to ensure that its equipment, tools, machinery, and/or appliances and/or the surface conditions of its yards, tracks, and roadbeds are reasonably safe. See Shenker v. Baltimore & Ohio Ry., 374 U.S. 1 (1963); Harris v. Pennsylvania R.R., 361 U.S. 15 (1959); Webb v. Illinois Central R.R., 352 U.S. 512 (1957). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, pp. 89-34 and 89-35, Instructions 89-15 and 89-16 (1997).

7.     This non-delegable duty includes a responsibility to provide equipment, tools, machinery, and appliances which are reasonably safe and suitable for their contemplated use. See Pitt v. Pennsylvania R.R., 66 F. Supp. 443 (E.D.Pa. 1946), aff'd, 161 F.2d 733 (3d Cir. 1947).

8.    This non-delegable duty imposes on a railroad a responsibility to make reasonable inspections of its premises and equipment to discover any dangers or defects and to take reasonable precautions to protect its employees from possible harm. See Shenker v. Baltimore & Ohio R.R., 374 U.S. 1 (1963). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-34, Instruction 89-15 (1997).

9.    A railroad may also be found negligent under the FELA if it fails to prescribe, promulgate, and/or enforce adequate rules, procedures, and regulations for the safe operation of its equipment, tools, machinery, and appliances. See Moore v. Chesapeake & Ohio Ry., 649 F.2d 1004 (4th Cir. 1981); Phillips v. Chesapeake & Ohio Ry., 475 F.2d 22 (4th Cir. 1973).

10.    It also imposes on a railroad a responsibility to train and/or instruct its employees on these rules, procedures, and regulations. <u>See</u> <u>Phillips v. Chesapeake & Ohio Ry.</u>, 475 F.2d 22 (4th Cir. 1973).

11.     And it obligates a railroad to properly instruct its employees on the safe operation of its equipment, tools, machinery, and appliances. See Stone v. New York, Chicago & St. Louis R.R., 344 U.S. 407 (1953); Ybarra v. Burlington Northern, Inc., 689 F.2d 147 (8th Cir. 1982); Heater v. Chesapeake & Ohio Ry., 497 F.2d 1243 (7th Cir.), cert. denied, 419 U.S. 1013 (1974). Thus, you may find the defendant negligent if you find that it instructed its employees to perform a task using a procedure or method which it knew or in the exercise of reasonable care should have known would result in injury. See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-37, Instruction 89-18 (1997).

12.    Even when the railroad takes precautions for an employee's safety, it cannot escape liability if further remedial measures were both possible and reasonable yet not effectuated. See Williams v. Long Island R.R., 196 F.3d 402 (2d Cir. 1999); Martinez v. Union Pacific R.R., 82 F.3d 223 (8th Cir. 1996); Eggert v. Norfolk & Western Ry., 538 F.2d 509 (2d Cir. 1976); Panger v. Duluth, Winnipeg & Pacific Ry., 490 F.2d 1112 (8th Cir. 1974); Rodriguez v. Delray Connecting R.R., 473 F.2d 819 (6th Cir. 1973); Schillie v. Atchison, Topeka & Santa Fe Ry., 222 F.2d 810 (8th Cir. 1955); Boston & Maine R.R. v. Meech, 156 F.2d 109 (1st Cir.), cert. denied, 329 U.S. 763 (1946); Morgan v. Consolidated Rail Corp., 509 F. Supp. 281 (S.D.N.Y. 1980); Isgett v. Seaboard Coast Line R.R., 332 F. Supp. 1127 (D.S.C. 1971); Seeberger v. Burlington Northern R.R., 138 Wash.2d 815, 982 P.2d 1149 (1999); Missouri-Kansas-Texas R.R. v. Miller, 486 P.2d 630 (Okla. 1971); Wright v. Chicago, Burlington & Quincy R.R., 392 S.W.2d 401 (Mo. 1965); Welsh v. Burlington Northern R.R., 719 S.W.2d 793 (Mo.App. 1986); Campbell v. Chesapeake & Ohio Ry., 36 Ill.App.2d 276, 183 N.E.2d 736 (1962); Wawryszyn v. Illinois Central R.R., 10 Ill.App.2d 394, 135 N.E.2d 154 (1956).

13.    And in determining whether a railroad is negligent for failing to adopt such safer alternative measures, you may consider whether the defendant has employed them in other facilities, they are customarily used in the industry or by other railroads, and whether a reasonably prudent person would have adopted them under similar circumstances. See Williams v. Long Island R.R., 196 F.3d 402 (2d Cir. 1999); Martinez v. Union Pacific R.R., 82 F.3d 223 (8th Cir. 1996); Eggert v. Norfolk & Western Ry., 538 F.2d 509 (2d Cir. 1976); Panger v. Duluth, Winnipeg & Pacific Ry., 490 F.2d 1112 (8th Cir. 1974); Rodriguez v. Delray Connecting R.R., 473 F.2d 819 (6th Cir. 1973); Schillie v. Atchison, Topeka & Santa Fe Ry., 222 F.2d 810 (8th Cir. 1955); Seeberger v. Burlington Northern R.R., 138 Wash.2d 815, 982 P.2d 1149 (1999); Missouri-Kansas-Texas R.R. v. Miller, 486 P.2d 630 (Okla. 1971); Wright v. Chicago, Burlington & Quincy R.R., 392 S.W.2d 401 (Mo. 1965); Welsh v. Burlington Northern R.R., 719 S.W.2d 793 (Mo.App. 1986); Campbell v. Chesapeake & Ohio Ry., 36 Ill.App.2d 276, 183 N.E.2d 736 (1962); Wawryszyn v. Illinois Central R.R., 10 Ill.App.2d 394, 135 N.E.2d 154 (1956).

14.     The FELA, therefore, imposes on a railroad a non-delegable duty to guard against any risks or dangers of which it knew or by the exercise of reasonable care should have known.  <u>See</u> <u>Gallick v. Baltimore & Ohio R.R.</u>, 372 U.S. 108 (1963); <u>Urie v. Thompson</u>, 337 U.S. 163 (1949). <u>See generally</u> 5 L. Sand, <u>et al.</u>, <u>Modern Federal Jury Instructions</u>, p. 89-24, Instruction 89-10 (1997). A railroad, however, need not foresee the particular consequences of its negligent acts in order to be held liable under the FELA.  <u>See Gallick, supra</u>.  Thus, it must compensate the plaintiff for even the improbable or unexpectedly severe consequences of its negligence.  <u>See Gallick, supra</u>.

15.    You may impute actual knowledge of a dangerous condition or defect to the railroad if its officers, agents, or employees knew or should have known of the condition.  See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108 (1963).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-26, Instruction 89-11 (1997).

16.     You may also impute constructive knowledge of a dangerous condition or defect to the railroad if the evidence reveals that the hazard has existed for a sufficiently long period of time that the defendant, upon reasonable inspection, should have discovered it.  See Baltimore & Ohio R.R. v. Flechtner, 300 F. 318 (6th Cir.), cert. denied, 266 U.S. 613 (1924); Smith v. Schumacker, 30 Cal.App.2d 251, 85 P.2d 967 (1938), cert. denied, 307 U.S. 646 (1939); Doyle v. St. Louis Merchants' Bridge Terminal Ry., 326 Mo. 425, 31 S.W.2d 1010 (1930), cert. denied, 283 U.S. 820 (1931); Galveston, Harrisburg & San Antonio Ry. v. Miller, 192 S.W. 593 (Tex.App. 1917).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-26, Instruction 89-11 (1997).

17.    In summary, if you find by a preponderance of the evidence that the defendant railroad failed to exercise reasonable care to provide the plaintiff with a reasonably safe place to work, reasonably safe conditions, tools or equipment, or failed in any other way to exercise reasonable care in the circumstance, you may find that it was negligent. See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-43, Instruction 89-21 (1997).

18.    In addressing the question of negligence, you may consider whether the railroad's conduct violated its own safety rules or customary practices in the industry. See Armstrong v. Burlington Northern R.R., 139 F.3d 1277 (9th Cir. 1998); Moses v. Union Pacific R.R., 64 F.3d 413 (8th Cir. 1995); DeBiasio v. Illinois Central R.R., 52 F.3d 678 (7th Cir. 1995), cert. denied, 516 U.S. 1157 (1996); Fulton v. St. Louis-San Francisco Ry., 675 F.2d 1130 (10th Cir. 1982); Brown v. Cedar Rapids & Iowa City Ry., 650 F.2d 159 (8th Cir. 1981); Mileski v. Long Island R.R., 499 F.2d 1169 (2d Cir. 1974); Duncan v. St. Louis-San Francisco Ry., 480 F.2d 79 (8th Cir.), cert. denied, 414 U.S. 859 (1973); Boston & Maine R.R. v. Talbert, 360 F.2d 286 (1st Cir. 1966); Johnson v. Erie Lackawanna R.R., 236 F.2d 352 (2d Cir. 1956); Haines v. Reading R.R., 178 F.2d 918 (3d Cir. 1950). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, pp. 89-38 and 89-39, Instruction 89-19 (1997).

19.    A railroad's compliance with these customs or rules, however, does not insulate it from liability. It may still be found negligent where these customs or rules do not reflect the level of care which a reasonably prudent person would exercise under the circumstances. See Urie v. Thompson, 337 U.S. 163 (1949). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, pp. 89-38 and 89-39, Instruction 89-19 (1997). An industry may never set its own standards. The T.J. Hooper, 60 F.2d 737 (2d Cir. 1932), cert. denied, Eastern Transportation Co. v. Northern Barge Corp., 287 U.S. 602 (1932). Even its universal disregard of a precautionary measure may not preclude a finding of liability should you determine that common procedure would dictate its implementation. See The T.J. Hooper, supra.

## LOCOMOTIVE INSPECTION ACT

20.     The plaintiff has also made a claim that the defendant violated the Locomotive Inspection Act, formerly known as the Boiler Inspection Act.  That Act was adopted to protect the safety of railroad employees by imposing certain standards of maintenance and equipment on railroads.  See 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-81, Instruction 89-37 (1997).

21.    Some of the standards for recovery under this statute are different from the standards under the FELA.  In your deliberations, you must address plaintiff's negligence claim under the FELA separately from his claim under the Locomotive Inspection Act.  The negligence claim is governed by the rules I have already explained.  The claim under the Locomotive Boiler Inspection Act is governed by the following rules.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-82, Instruction 89-38 (1997).

22.    You have been instructed on the law of negligence as it applies in this case between plaintiff and the defendant CSX, the employer. I will now instruct you on the law pertaining to the claimed violation of the Locomotive Inspection Act. Instead of proving negligence, as the parties must do in a FELA case, in a case brought under the Locomotive Inspection Act, the plaintiff is required to prove only the statutory violation and causation. See Kernan v. American Dredging Co., 355 U.S. 426, 432 (1958); Carter v. Atlanta & St. Andrews Bay Ry. Co., 338 U.S. 430, 434-35 (1949). The statutory violation is, in and of itself, an actionable wrong, and in no way dependent upon negligence. O'Donnell v. Elgin, Joliet & Eastern Ry. Co., 338 U.S. 384, 390 (1949). The duty imposed is absolute. In other words, "the carrier is not excused by any showing of care, however assiduous." Brady v. Terminal R.R. Assoc., 303 U.S. 10, 15 (1938).

23.    The Locomotive Inspection Act refers to the "locomotive or tender and its parts and appurtenances." The Locomotive Inspection Act, 49 U.S.C.S. § 20701, provides in part: "A railroad carrier may use or allow to be used a locomotive or tender on its railroad only when the locomotive or tender and its parts and appurtenances (1) are in proper condition and safe to operate without unnecessary danger of personal injury; (2) have been inspected as required under this chapter and regulations prescribed by the Secretary of Transportation under this chapter; and (3) can withstand every test prescribed by the Secretary under this chapter." This statute places an absolute duty on the railroad for injuries caused in whole or part by violations of the Act. See O'Donnell v. Elgin, J. & E. Ry., 338 U.S. 384 (1949).

24.     In determining whether the absolute duty imposed by the Locomotive Inspection Act is violated, your inquiry should focus on the particular occasion in which the malfunction of the locomotive caused an injury to plaintiff. Whether the locomotive was defective or functioned properly before or after the specific occurrence is not relevant. The only question before you is whether it functioned properly on the occasion in question. See Carter v. Atlanta & St. Andrews Bay Ry., 339 U.S. 430 (1949); Clark v. Kentucky & Indiana Terminal R.R., 728 F.2d 307 (6th Cir. 1984); Coleman v. Burlington Northern, Inc., 681 F.2d 542 (8th Cir. 1982); Trout v. Pennsylvania R.R., 300 F.2d 826 (3d Cir. 1962); Texas & Pacific Ry. v. Griffith, 265 F.2d 489 (5th Cir. 1959); Rogers v. Elgin, Joliet & Elgin Ry., 248 F.2d 710 (7th Cir. 1957); Richmond, Fredricksburg & Potomac R.R. v. Brooks, 197 F.2d 404 (D.C. Cir.), cert. denied, 344 U.S. 828 (1952). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-84, Instruction 89-40 (1997).

25.    In connection with the alleged violation of the Locomotive Inspection Act, you need not consider whether the railroad was negligent, whether the railroad exercised diligence or care, or whether the railroad knew of a defect in the equipment. These matters are not relevant to the claim that defendant violated the Locomotive Inspection Act, since the Locomotive Inspection Act imposes an absolute duty on the railroad for injuries caused in whole or part by violations of the Act. See O'Donnell v. Elgin, J. & E. Ry., 338 U.S. 384 (1949); Coleman v. Burlington Northern, Inc., 681 F.2d 542 (8th Cir. 1982); Holfester v. Long Island R.R., 360 F.2d 369 (2d Cir. 1966); Rogers v. Elgin, Joliet & Eastern Ry., 248 F.2d 710 (7th Cir. 1957); Kansas City Southern Ry. v. Cagle, 229 F.2d 12 (10th Cir. 1955), cert. denied, 351 U.S. 908 (1956); New York, New Haven & Hartford R.R. v. Leary, 204 F.2d 461 (1st Cir.), cert. denied, 346 U.S. 856 (1953). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-85, Instruction 89-41 (1997).                    If the evidence shows a failure of the equipment to perform and this failure plays any part, even the slightest, in causing him to suffer his injury, plaintiff is entitled to recover. See Carter v. Atlanta & St. Andrews Bay Ry., 338 U.S. 430 (1949); Coleman v. Burlington Northern, Inc., 681 F.2d 542 (8th Cir. 1982); Phillips v. Chesapeake & Ohio Ry., 475 F.2d 22 (4th Cir. 1973).

26.    The Locomotive Inspection Act places an absolute duty on the railroad to; among other things, to provide cab seats that are securely mounted and braced.  49 CFR 229.119(a).  In connection with the violation of this law you need not consider whether the railroad was negligent, whether the railroad exercised diligence or due care, or whether the railroad knew of the existence of an unsecured cab seat or some other defect in the equipment. These matters are not relevant to the claim that CSX violated the Locomotive Inspection Act, since the act imposes an absolute duty on the railroad for injuries caused in whole or in part by violation of the Act.

27.    If you find from a preponderance of the evidence that the defendant violated the absolute duty imposed by the Locomotive Inspection Act as alleged by the plaintiff, then defendant is liable to plaintiff for any injuries which were brought about, in whole or part, by the violation. This is the same standard of causation which I explained in regard to plaintiff's negligence claim: Did the violation of the Locomotive Inspection Act, if any, play any part, no matter how slight, in bringing about an injury to the plaintiff? See Carter v. Atlanta & St. Andrews Bay Ry., 339 U.S. 430 (1949); Coray v. Southern Pacific Co., 335 U.S. 520, 69 S.Ct. 275, 93 L.Ed. 208 (1949); Biemart v. Burlington Northern, Inc., 726 F.2d 412 (8th Cir.), cert. denied, 467 U.S. 1216 (1984); Sheehy v. Southern Pacific Transportation Co., 631 F.2d 649 (9th Cir. 1980); Metcalfe v. Atchison, Topeka & Santa Fe Ry., 491 F.2d 892 (10th Cir. 1974); Dobson v. Grand Trunk Western R.R., 248 F.2d 545 (7th Cir. 1957); Baltimore & Ohio R.R. v. Jackson, 233 F.2d 660 (D.C.Cir. 1956), aff'd, 353 U.S. 325 (1957); New York, New Haven & Hartford R.R. v. Leary, 204 F.2d 461 (1st Cir.), cert. denied, 346 U.S. 856 (1953).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-86, Instruction 89-42 (1997).  See also Consol. Rail Corp. v. Gottshall, 512 U.S. 532, 543 (1994) (quoting Rogers v. Missouri Pac. R.R. Co., 352 U.S. 500, 506 (1957)).

28.    Finally, with regard to the plaintiff's claim that a violation of the Locomotive Inspection Act resulted in whole or part in his injury, you are not to consider whether plaintiff was negligent or whether any such negligence played a part in causing his injuries. If you find that the plaintiff has proved his allegations of violation of the Locomotive Inspection Act which played a part in bringing about his injury by a preponderance of the evidence, your verdict should be for the plaintiff, without regard to any contributory negligence on his part. See 49 U.S.C.S. § 20701. See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-87, Instruction 89-43 (1997).

29. Under all the law and the evidence, the defendant violated the Locomotive Inspection Act.

30.    Indeed, even if the evidence reveals that the defendant complied with an applicable safety statute and/or regulation, it is still liable for plaintiff's injuries if, under the circumstances, a reasonable person would have taken additional precautions to prevent harm.  See King v. Southern Pacific Transportation Co., 855 F.2d 1485 (10th Cir. 1988) (citing Urie v. Thompson, 337 U.S. 163 (1949)); Mosco v. Baltimore and Ohio R.R., 817 F.2d 1088 (4th Cir.), cert. denied, 484 U.S. 851 (1987); Earwood v. Norfolk Southern Ry., 845 F. Supp. 880 (N.D.Ga. 1993); Morgan v. Consolidated Rail Corp., 509 F. Supp. 281 (S.D.N.Y. 1980); Fontaine v. National R.R. Passenger Corp., 54 Cal.App.4th 1519, 63 Cal.Rptr.2d 644 (1997); Failing v. Burlington Northern R.R., 815 P.2d 974 (Colo.App. 1991).

31. Moreover, even if these statutes and/or regulations are not applicable to the specific equipment and/or operation involved in plaintiff's accident, defendant's noncompliance therewith is still evidence of negligence in this action. See Ries v. National R.R. Passenger Corp., 960 F.2d 1156 (3d Cir. 1992); Albrecht v. Baltimore & Ohio R.R., 808 F.2d 329 (4th Cir. 1987); Miller v. Chicago & North Western Transportation Co., 925 F. Supp. 583 (N.D.Ill. 1996); Manes v. Metro-North Commuter R.R., 801 F. Supp. 954 (D.Conn. 1992), aff'd, 990 F.2d 622 (2d Cir. 1993). It is relevant to your determination of what precautions a reasonably prudent employer would have implemented under similar circumstances. See Ries, supra; Albrecht, supra; Miller, supra; Manes, supra.

32.     Under the FELA, a railroad is liable in damages for breaching its non-delegable duty to provide a safe place to work if the negligent acts or omissions of its officers, agents, or employees played any part, even the slightest, in producing plaintiff's injury.  See Rogers v. Missouri Pacific R.R., 352 U.S. 500 (1957).  It does not matter that, from the evidence, you may also attribute plaintiff's injury to other causes.  See Rogers, supra.  The involvement of any other cause does not prevent a finding for the plaintiff, as long as you determine that the employer's negligence played any part, no matter how slight, in causing the injury.  See Rogers, supra.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-44, Instruction 89-22 (1997).

33.    Plaintiff, therefore, is entitled to recover from the defendant should you find from a preponderance of the evidence that the railroad's negligent acts or omissions played any part, even the slightest, in producing his injuries. See Rogers v. Missouri Pacific R.R., 352 U.S. 500 (1957).

34.     In a FELA case, liability may be inferred completely from circumstantial evidence. See <u>Rogers v. Missouri Pacific R.R.</u>, 352 U.S. 500 (1957); <u>Mendoza v. Southern Pacific Transportation Co.</u>, 733 F.2d 631 (9th Cir. 1984); <u>Pekowic v. Erie Lackawanna R.R.</u>, 430 F.2d 697 (3d Cir. 1970); <u>Moore v. Chesapeake & Ohio Ry.</u>, 493 F. Supp. 1252 (S.W.Va. 1980), <u>aff'd</u>, 649 F.2d 1004 (4th Cir. 1981). It may be based exclusively on inferences you draw from the facts and circumstances of the case which, in light of your ordinary experience, reasonably suggest that the railroad's negligence played even the slightest part in producing plaintiff's injury. See <u>Henwood v. Coburn</u>, 165 F.2d 418 (8th Cir. 1948).

35.    Under the FELA, therefore, a railroad worker is entitled to assume that his employer properly discharged its duty to provide him a reasonably safe place to work and that he is not exposed to any hazards or dangers.  See Cazad v. Chesapeake & Ohio Ry., 622 F.2d 72 (4th Cir. 1980); Williams v. Atlantic Coast Line R.R., 190 F.2d 744 (5th Cir. 1951); Pitt v. Pennsylvania R.R., 66 F. Supp. 443 (E.D.Pa. 1946), aff'd, 161 F.2d 733 (3d Cir. 1947).

36.    A railroad worker, therefore, is not required to anticipate defects or dangerous conditions of which he has no knowledge.  See Tiller v. Atlantic Coast Line R.R., 318 U.S. 54 (1943); Birchem v. Burlington Northern R.R., 812 F.2d 1047 (8th Cir. 1987); Almendarez v. Atchison, Topeka & Santa Fe Ry., 426 F.2d 1095 (5th Cir. 1970); Koshorek v. Pennsylvania R.R., 318 F.2d 364 (3d Cir. 1963); Johnson v. Erie R.R., 236 F.2d 352 (2d Cir. 1956); Thomas v. Union Ry., 216 F.2d 18 (6th Cir. 1954); Atlantic Coastline R.R. v. Burkett, 192 F.2d 941 (5th Cir. 1951); Mumma v. Reading Co., 247 F. Supp. 252 (E.D.Pa. 1965).

37.    It is, therefore, the railroad which has the burden of establishing by a preponderance of the evidence that the plaintiff was contributorily negligent.  <u>See</u> <u>Fashauer v. New Jersey Transit Rail Operations, Inc.,</u> 57 F.3d 1269 (3d Cir. 1995).

38.    The mere fact that I mention contributory negligence does not mean that the plaintiff was in fact guilty of contributory negligence.  I am merely doing my duty in advising you of all the considerations, however remote, involved in a lawsuit of this type.  You should not take the fact that I have mentioned contributory negligence to mean that it is present in this case in any way.

39.    Indeed, a railroad may not avoid liability in an FELA action by asserting that the plaintiff assumed the risk of his employment. See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995). Thus, you may not find the plaintiff contributorily negligent based solely on his knowledge or acceptance of a dangerous condition or because he was working at a dangerous job. See Fashauer, supra. This is so even if the hazard or danger was obvious. See Rivera v. Farrell Lines, Inc., 474 F.2d 255 (2d Cir.), cert. denied, 414 U.S. 822 (1973); Hall v. American Steamship Co., 688 F.2d 1062 (6th Cir. 1982); Tolar v. Kinsman Marine Transit Co., 618 F.2d 1193 (6th Cir. 1980); Salem v. United States Lines Co., 293 F.2d 121 (2d Cir. 1961), aff'd in part, rev'd in part, 370 U.S. 31 (1962); Darlington v. National Bulk Carriers, Inc., 157 F.2d 817 (2d Cir. 1946); Pedersen v. Diesel Tankers, Ira. S. Bushey, Inc., 280 F. Supp. 421 (S.D.N.Y. 1967).

40.    Nor may you find contributory negligence on the part of the plaintiff simply because he acceded to the request or direction of a supervisor that he perform a dangerous job or discharge his duties in a dangerous place or under unsafe conditions. See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995).

41.    It is the duty of a railroad worker only to do the work assigned. <u>See</u> <u>Fashauer v. New Jersey Transit Rail Operations, Inc.</u>, 57 F.3d 1269 (3d Cir. 1995). It is not his duty to find the safest method of doing it, or to devise a safer method. <u>See</u> <u>Fashauer</u>, <u>supra</u>. Therefore, in considering the defendant's claim that the plaintiff was guilty of contributory negligence, you must bear in mind that the plaintiff is not chargeable with any negligent conduct of his employer. <u>See</u> <u>Fashauer</u>, <u>supra</u>. The plaintiff is only chargeable with his own actions. <u>See</u> <u>Fashauer</u>, <u>supra</u>. In connection with the defendant's claim of contributory negligence, therefore, you may consider only what the plaintiff himself did, or failed to do, at the time and place in question as shown by a preponderance of the evidence. <u>See</u> <u>Fashauer</u>, <u>supra</u>.

42.    Nor may you find the plaintiff guilty of contributory negligence if the evidence reveals that, at the time of the accident, he violated a safety rule which was not enforced by the railroad or with which it was impossible to comply. <u>Ybarro v. Burlington Northern, Inc.</u>, 689 F.2d 147 (8th Cir. 1982); <u>Hancock v. Norfolk & Western Ry.</u>, 39 Ohio App.3d 77, 529 N.E.2d 937 (1987).

43. It is, however, important that you realize that even if you find the plaintiff contributorily negligent, this does not prevent him from recovering damages. Under these circumstances, your verdict should nonetheless be in his favor if you find that the railroad's negligence also played a part, no matter how slight, in causing the injuries. The Court will then reduce the amount of damages awarded to the plaintiff by the percentage you should find that his negligence, if any, contributed to the accident. See Carter v. Atlantic St. Andrews Bay Ry., 338 U.S. 430 (1949). See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-49, Instruction 89-23 (1997).

44.     Under all the law and evidence, the plaintiff is not guilty of contributory negligence as a matter of law.

45.    Under all of the law and evidence, your verdict must be for the plaintiff and against the defendant.

## DAMAGES

46.    If you find in favor of the plaintiff, you must then determine the amount of monetary damages which you believe will fairly and justly compensate him for the injuries sustained as a result of the defendant's negligence.  Under the FELA, the plaintiff is entitled to recover for: (1) any loss of earnings from the time of the accident to the present;  and,(2) any past and future pain, suffering, or mental anguish that he has or will continue to suffer, including the effect of the injury sustained on the normal pursuits and pleasures of life.  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, pp. 89-57 and 89-58, Instructions 89-26 and 89-29 (1997).

47.    The fact that plaintiff's physical condition prior to the accident may have made him susceptible to greater injury and loss than could have been anticipated by the railroad does not in any way reduce his recovery in this case. A tortfeasor takes his victim as he finds him and is liable for the full extent of the damages sustained, even if they are greater than he could have foreseen because the plaintiff is particularly susceptible to injury. Thus, a railroad whose actions exacerbate or aggravate a pre-existing asymptomatic condition is nonetheless liable for all of the plaintiff's resulting losses. See Tabor v. Miller and Stearns, 389 F.2d 645 (3d Cir.), cert. denied, 391 U.S. 915 (1968); Pavorsky v. Engels, 410 Pa. 100, 188 A.2d 731 (1963).

48.    If you cannot separate the pain or disability caused by a pre-existing condition from that caused by defendant's negligent exacerbation or aggravation of it, you must hold the railroad liable for all of plaintiff's injuries. See Stevens v. Bangor & Aroostook R.R., 97 F.3d 594 (1st Cir. 1996). Under these circumstances, the burden of apportioning plaintiff's damages is on the defendant. See Stevens, supra.

49.    Under the FELA, therefore, you may hold the defendant liable for all of the natural consequences flowing from its negligence, including the possible prolongation of disability resulting from the aggravation or exacerbation of a pre-existing condition. See United States Fidelity & Guaranty Co. v. United States, 152 F.2d 46 (2d Cir. 1945); Oliver v. Yellow Cab Co., 98 F.2d 192 (7th Cir. 1938); Pieczonka v. Pullman Co., 89 F.2d 353 (2d Cir. 1937); The Jefferson Myers, 45 F.2d 162 (2d Cir. 1930).

50.     If you find that the plaintiff is entitled to damages, you must award him such sum of money as in your best judgment will reasonably compensate him for the injury he sustained. In arriving at the monetary value of such injury, you must take into consideration the loss of bodily function, the inability to generally pursue life's pleasures, and the inconvenience of going through life with the injuries sustained as a result of the railroad's negligence. See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 89-58, Instruction 89-29 (1997).

51.     Under the FELA, the burden falls on the railroad to prove that the plaintiff failed to make reasonable efforts to mitigate his damages.  See <u>Fashauer v. New Jersey Transit Rail Operations, Inc.</u>, 57 F.3d 1269 (3d Cir. 1995); <u>Jones v. Consolidated Rail Corp.</u>, 800 F.2d 590 (6th Cir. 1986).

52.     Under all of the law and the evidence, the defendant has failed to establish the affirmative defense of failure to mitigate damages.

53.    Pain and suffering are also important legal losses.  For the same reason that a person is entitled to have the full use of his limbs and organs free from the interference of anyone, so is he entitled to be guaranteed freedom from pain and suffering.  Pain and suffering, so long as they exist, can be as disabling as crippling, rupture, or dismemberment.  You have the duty to appraise this pain and suffering and to fix such sum of money as will fully compensate the plaintiff.  See Burgan v. City of Pittsburgh, 373 Pa. 608, 96 A.2d 889 (1953).

54.    You must, therefore, award the plaintiff a fair and reasonable sum as in your best judgment will compensate him for all of the pain and suffering which he has endured in the past and which he will endure in the future. In arriving at such sum, you may take into consideration the bodily deformity, disfigurement, embarrassment, humiliation, inconvenience, and loss of life's pleasures that he suffers as a result of his injuries. There is no yardstick to measure the monetary value of such pain and suffering. You must use your common experience and good judgment in arriving at an amount which will reasonably compensate the plaintiff for such pain and suffering, bodily deformity, disfigurement, embarrassment, humiliation, inconvenience, and loss of life's pleasures that he has and will continue to suffer over the course of his lifetime.

55.    If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.  See Norfolk & Western Ry. Co. v. Liepelt, 444 U.S. 490 (1980).

56.    The award of damages for past and future pain and suffering is a very real part of your verdict. If you find that plaintiff has and will continue to undergo suffering and you do not award a monetary sum for these damages, your verdict would be less than adequate because it would omit an item which the law says is properly recoverable. If you were to award him his loss of earnings and his future loss of earnings and award him nothing for pain and suffering, your verdict would similarly not be a proper one. See Jones v. American Export Isbrandtsen Lines, Inc., C.A. #41490, Charge of the Court, Honorable Joseph S. Lord, III, March 4, 1970, N.T. 314-315.

BARISH LAW OFFICES, P.C.

By: _____
RUDOLPH V. DE GEORGE, II, ESQUIRE
ATTORNEY FOR PLAINTIFF
Barish Law Offices, P.C.
Three Parkway, Suite 1320
1601 Cherry Street
Philadelphia, PA  19102
(215) 923-8900