# Exhibit "B2"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT F. MERCIER,
                    Plaintiff,

            v.                                    Case Number:  03 12611 MAP

CSX TRANSPORTATION, INC.,
                    Defendant.

## DEFENDANT CSX TRANSPORTATION, INC. PROPOSED JURY INSTRUCTIONS

CSX Transportation, Inc. ("CSX"), pursuant to Fed. R. Civ. P. 51(b) and the court's

*Procedural Order re: Final Pre-Trial Conference*, moves that the jury in the above-captioned

matter be instructed in accordance with the attached requested jury instructions.  CSX reserves

its rights to file supplemental jury instruction requests, or withdraw any of the instructions

requested herein, in response to evidence and/or issues which may arise during the course of

trial.

                              Respectfully submitted,
                              CSX TRANSPORTATION, INC.,
                              by its attorneys,

                               /s/ Michael B. Flynn
                              Michael B. Flynn              BBO #559023
                              *mbflynn@flynnassoc.com*
                              Richard A. Davidson, Jr.      BBO #552988
                              *radavidsonjr@flynnassoc.com*
                              FLYNN & ASSOCIATES, P.C.
                              400 Crown Colony Drive, Suite 200
                              Quincy, MA 02169
                              (617) 773-5500

Dated:  May 26, 2005
\\SERVER1\Data\F & A\CASE FILES\Providence and Worcester Railroad\Horibin\Pleadings\Jury Instructions.doc

**TABLE OF CONTENTS**

**I.    Preliminary Instructions**                                          Page No.

    Parties Should be Treated as Equals                                    3
    Sympathy, Emotion Irrelevant                                           4
    Malingering - Receipt of Disability Benefits                           5
    Expert Witness Testimony, Generally                                    6
    The Plaintiff's Theories of Liability                                  7

**II.    Liability – The Plaintiff's FELA Negligence Claim**

    Duty to Provide a Reasonably Safe Place to Work                        8
    Mere Happening of Accident does not Establish Liability                9
    Burden of Proof—FELA Negligence                                        10
    Elements of FELA Negligence liability                                  11
    FELA Negligence—Duty to Act Reasonably                                 12
    FELA Negligence—Standard of Care                                       13
    FELA Negligence—Defect Must be Due to Negligence                       14
    Test of liability—FELA Negligence                                      15-16

**III.    Liability – The Plaintiff's Locomotive Inspection Act Claim**

    Elements of Locomotive Inspection Act case                             17
    Burden of Proof—Locomotive Inspection Act                              18
    Locomotive Inspection Act—Not every Problem with Railroad Equipment    19
    is an Actionable Defect
    Standard of Care                                                       20

**IV.    Causation**

    Plaintiff's Sole Negligent and/or Intentional Conduct                  21
    Causation, Generally                                                   22
    Burden to Prove Medical Causation                                      23
    Medical Expertise Required                                             24
    Causation - Probability, Not Possibility Standard                      25
    Plaintiff's Duty to Use Due Care                                       26
    Effect of Plaintiff's Negligence                                       27
    Violation of a Safety Rule or Practice—Evidence of Negligence          28

**V.    Damages**

    No Inference from Instructions                                         29
    Speculation Impermissible                                              30
    Pre-Existing Medical Conditions/Injuries                               31

Aggravation of Injuries                                      32
Aggravation of Injuries                                      33
Apportionment of Damages                                     34
Plaintiff is not Entitled to Recover Medical Expenses        35
Duty of Plaintiff to Mitigate Damages                        36
Duty of Plaintiff to Mitigate Damages                        37
Damages must be Reasonable                                   38
Wage Loss                                                    39
Hedonic Damages not Allowed                                  40

**VI.    Jury**

Unanimity of Verdict                                         41-42

DEFENDANT'S JURY REQUEST NO. 1

(Parties Should Be Treated As Equals)

This case should be considered and decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. A business or a company is entitled to the same fair trial at your hands as is a private individual. The defendant CSX should be given the same fair and equal treatment as you would give to any individual. All persons, including businesses and other corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

See London v. Bay State Street Railway, 231 Mass. 480, 485-486 (1919); 2 Devitt and Blackmar, Federal Jury Practices and Instructions, §71.05 at 587 (3d ed. 1977).

DEFENDANT'S JURY REQUEST NO. 2

(Sympathy, Emotion Irrelevant)

Sympathy and emotion should play no part in your deliberations. You may not decide this case on the basis of the fact that you may feel sorry for the plaintiff or that you feel badly because he may have suffered an injury or illness. Rather, your deliberations should be well-reasoned, impartial, and unemotional. You must decide this case by applying the principles of law, which the Court defines for you, to the facts of this particular case, as you objectively find them to be.

See London v. Bay State Street Railway, 231 Mass. 480, 485-486 (1919); 2 Devitt and Blackmar, Federal Jury Practice and Instructions §71.02 at 586 (3d ed. 1977).

4

DEFENDANT'S JURY REQUEST NO. 3

(Malingering - Receipt of Disability Benefits)

You may consider the plaintiff's receipt of disability benefits as evidence of his

malingering (i.e. feigning physical disability to avoid work and to continue receiving disability

payments) or his lack of motivation to return to work and on the issue of the plaintiff's

credibility. However, you are to consider such evidence only on these issues; any such evidence

or references to collateral sources of income are not to reduce any compensation the plaintiff

may receive here or to increase it, but only on the issue of his motivation to go back to work.

McGrath v. Consolidated Rail Corporation, 136 F.3d 838 (1st. Cir. 1998); see also Santa
Maria v. Metro-North Commuter R.R., 81 F.3d 265, 273 (2d. Cir. 1996) (holding collateral
source evidence admissible if plaintiff puts financial status at issue); Moses v. Union Pac. R.R.,
64 F.3d 413, 416 (8th Cir. 1995)(allowing collateral source evidence where the plaintiff's case
itself has made the existence of such evidence of probative value); DeMedeiros v. Koehring Co.,
709 F.2d 734, 739-741 (1st Cir. 1983); Simmons v. Hoegh Lines, 784 F.2d1234, 1236 (5th Cir.
1986) (finding collateral source evidence admissible for limited purpose of proving another
matter if little likelihood of prejudice and no strong potential for improper use, and a careful
qualifying jury instruction is given); Corsetti v. Stone Co., 396 Mass. 1, 16-21, 483 N.E.2d 793
(1985) (collateral source evidence admissible where plaintiff has affirmatively pled poverty).

"Collateral" sources of income are only those which the plaintiff has received from

sources other than CSX. For instance, wage continuation paid to the plaintiff is not a collateral

source.

5

DEFENDANT'S JURY REQUEST NO. 4

(Expert Witness Testimony, Generally)

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those persons whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling may state their opinions as to relevant and material matters in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received into evidence in this case and give it such weight as you may think it deserves.

In determining the weight to be given to such opinion, you should consider the qualifications and credibility of the expert and the reasons given for his or her opinion. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that the opinion is outweighed by other evidence, you may disregard the expert's opinion entirely.

See Commonwealth v. Smith, 357 Mass. 168, 178, 258 N.E.2d 13 (1970); Dodge v. Sawyer, 288 Mass. 402, 408, 93 N.E. 15 (1934).

6

DEFENDANT'S JURY REQUEST NO. 5

(The Plaintiff's Theories of Liability)

The plaintiff has presented the following theories of liability in this case:

     (1)    An FELA "negligence" claim;

     (2)    A *Locomotive Inspection Act* claim;

Each of these claims have somewhat different elements of proof. I will instruct you on each of these claims now. Following my instructions, you will be given a *Special Verdict Form* which will contain questions which you must answer after your deliberations, pertaining to each of these claims. You may find for or against the plaintiff on any one of, all of or none of these claims. You are not to consider, during your deliberations, how your answers on one claim may affect the other claims.

7

DEFENDANT'S JURY REQUEST NO. 6

(Duty to Provide a Reasonably Safe Place to Work)

Under FELA, CSX has a duty to provide its employees with a reasonably safe place to work; that duty does not require CSX to eliminate all dangers, but does require the elimination of those dangers which could be removed by the exercise of reasonable care on the part of CSX, thus the plaintiff must demonstrate by a fair preponderance of the evidence that CSX failed to provide to him a reasonably safe place to work.

Kaminski v. Chicago River & Indian R.R. Co., 200 F.2d 1 (7th Cir. 1952).

8

DEFENDANT'S JURY REQUEST NO. 7

(Mere Happening of Accident Does Not Establish Liability)

The mere fact that an accident may have occurred and that certain parties are now here in

Court should create no inference, and provide no evidence, that they were caused by any

negligence or fault on the part of CSX.

2 Devitt & Blackmar, Federal Jury Practice and Instructions, §80.07 (3d ed. 1977);
Wardwell v. George H. Taylor Co., 333 Mass. 302, 305, 130 N.E.2d 586 (1955) (mere fact that
accident happened is not evidence of negligence); Borysewicz v. Dineen, 302 Mass. 461, 19
N.E.2d 540 (1939); Tallon v. Spellman, 302 Mass. 179, 19 N.E.2d 33 (1939).

DEFENDANT'S JURY REQUEST NO. 8

(Burden of Proof—FELA Negligence)

On his FELA negligence claim, the plaintiff must prove by a preponderance of the

evidence that CSX's negligence, if any, caused the plaintiff's alleged injuries. The obligation of

a railroad to its employees under the law is to exercise ordinary care, not absolute care, under all

of the facts and circumstances.

*See* Robert v. Consolidated Rail Corp., 832 F.2d 3, 6 (1st Cir. 1987); Ellis v. Union Pac. R.R., 329 U.S. 649, 653 (1947); Atlantic Coast Line R.R. v. Dixon, 189 F.2d 525, 527    (1951), cert. denied, 342 U.S. 830 (1951); Raudenbush v. Baltimore and Ohio Railroad,    160 F.2d 363 (3rd Cir. 1947).

DEFENDANT'S JURY REQUEST NO. 9

(Elements of FELA Negligence Liability)

The law "does not impose strict liability on [a railroad like CSX]. Plaintiffs are required to prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation."

Robert v. Consolidated Rail Corp., 832 F.2d 3, 6 (1st Cir. 1987). See also New York, New Haven & Hartford Railroad Co. v. Dox, 249 F.2d 572, 573 (1st Cir. 1959).

11

DEFENDANT'S JURY REQUEST NO. 10

(FELA Negligence—Duty to Act Reasonably)

CSX should not be regarded as an insurer or guarantor of the safety of their employees, nor of the safety of the places in which they work. Rather, CSX's duty is merely one of acting reasonably.

Wilkerson v. McCarthy, 336 U.S. 53, 61, 69 S. Ct. 413 (1949); Conway v. Consolidated Rail Corp., 720 F.2d, 221, 223 (1st Cir. 1983) (the FELA, "unlike workmen's compensation ... does not make the employer an insurer"); Kaminski v. Chicago River & Indiana R. Co.,, 200 F.2d, 3 (7th Cir. 1953) (railroad is "not an insurer of plaintiff's safety").

CSX is not required to provide a perfect or absolutely safe workplace. Rather, CSX must only provide a reasonably safe place to work and reasonably safe equipment.

Shenker v. Baltimore & Ohio R.R. Co., 374 U.S. 1, 7, 83 S. Ct. 1667, 1671 (1963); Peyton v. St. Louis Southwestern Ry. Co., 962 F.2d 832, 833 (8th Cir. 1992). CSX and Conrail are not obligated to eliminate all risks in the workplace; it is only obligated to eliminate unreasonable risks." Tobin v. National Railroad Passenger Corp., 677 F.Supp. 674, 675 (D. Mass. 1988) (emphasis added).

If you find that CSX provided a reasonably safe place to work at the time the plaintiff was allegedly injured, then you must return a verdict in favor of CSX.

Ellis v. Union Pac. R.R., 329 U.S. 649, 653 (1946), Reese v. Phila. & Reading Ry., 239 U.S. 463, 465 (1915).

12

DEFENDANT'S JURY REQUEST NO. 11

(FELA Negligence—Standard of Care)

The standard of care applied under the FELA is that of a person exercising ordinary care under the same or similar circumstances.  Mere proof of injury or a dangerous workplace is not proof of a railroad employer's negligence.

Tiller v. Atlantic Coastline R. Co., 318 U.S. 54 (1943); Eaton v. L.I. R.R., 398 F.2d 738, 741 (2nd Cir. 1968).

13

DEFENDANT'S JURY REQUEST NO. 12

(FELA Negligence—Defect Must be Due to Negligence)

CSX may be liable for a defect in their equipment, such as locomotive no. CSX 5105's conductor's chair, only if the defect is due to its negligence. If there is an injury as the result of some defect, but if that defect was not due to the negligence of CSX, then CSX cannot be held responsible.

Seaboard Airline Ry. v. Horton, 233 U.S. 492, 501 (1914); Wilkerson v. McCarthy, 336 U.S. 53 (1949).

14

DEFENDANT'S JURY REQUEST NO. 13

(Test of Liability – FELA Negligence)

Under the FELA, defendant-railroads such as CSX "[are] not liable for failing to

provide a safe workplace if they have no reasonable way of knowing that the potential hazard

exists."

Beeber v. Norfolk Southern Corp., 754 F. Supp. 1364, 1368 (N.D. Ind. 1990); see also Peyton v. St. Louis Southwestern Railway Company, 962 F.2d 832 (8th Cir. 1992)(judgment notwithstanding the verdict properly entered in FELA action where defendant-railroad "had no reasonable way of knowing about the hazard that caused the employee's injury"); O'Hara v. Long Island R. Co., 665 F.2d 8, 9 (2nd Cir. 1981) (plaintiff-trainman failed to prove unsafe workplace under FELA, as matter of law, where "he furnished no evidence that the Railroad had notice of defect in the tiles" which loosened and thereby caused plaintiff to fall); Perry v. Morgan Guaranty Trust Co. of New York, 528 F.2d 1378, 1379 (5th Cir. 1976) (decided under comparable Jones Act standards and reversing judgment which had been erroneously entered in favor of plaintiff, because "there is absolutely no evidence to show how the grease [on stairs] got there, how long it had been there, or that there had been time enough for the ship owner, in the exercise of due care, to have learned of it and corrected the situation"); Kaminski v. Chicago River & Indiana R. Co., 200 F.2d 1 (7th Cir. 1952)("[b]efore defendant can be charged with negligence in failing to remedy the condition which caused plaintiff's injury, or failed to warn plaintiff of the existence of such a condition, it is necessary to establish that the defendant had actual knowledge of the condition, or, in the exercise of ordinary care, should have known of its existence"); Turner v. Clinchfield Railroad Co., 489 S.W.2d 257 (Tenn. App. 1972) (presence of ice on locomotive steps not actionable in absence of evidence where ice came from or how long it had existed).

> In a defective equipment case, such as this case, an FELA plaintiff such as Mr. Mercier:

> must show by direct or circumstantial evidence that (1) an officer, employee or agent of the railroad was responsible, through negligence, for the presence of the unsafe condition; or (2) at least one of such persons had actual knowledge of its presence before the accident; or (3) the unsafe condition had continued for a sufficient length of time to justify the inference that failure to know about it and remove it was due to want of proper care.

> Brown v. Cedar Rapids and Iowa City Ry. Co., 650 F.2d 159, 161 (8th Cir. 1981). See also Miller v. Cincinnati, New Orleans & Texas Pacific Ry. Co., 203 F. Supp. 107, 111 (E.D. Tenn. 1962) ("[L]ogic impels one to conclude that so long as liability is predicated upon negligence, as it is under the FELA, no defendant should be held liable for defective equipment of which he neither does nor, in the exercise of reasonable care, should have knowledge").

DEFENDANT'S JURY REQUEST NO. 13 (*continued*)

Thus, in order to find CSX liable under the FELA in the circumstances involved, the plaintiff must prove that CSX was negligent either because it: (a) actually created a defective conductor's seat; (b) had actual knowledge that the conductor's seat was defective at the time of the plaintiff's accident, or (c) should have known the conductor's seat was defective because, in the exercise of reasonable care, sufficient time had existed for CSX to have discovered the defective conductor's seat and to have repaired or replaced it. If you do not find one of these factors existed, then you must return a verdict for CSX.

16

DEFENDANT'S JURY REQUEST NO. 14

(Elements of a *Locomotive Inspection Act* case)

As it pertains to this case, the *Locomotive Inspection Act* provides as follows:

> A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances—
>
> (1)  are in proper condition and safe to operate without unnecessary danger of personal injury....

49 U.S.C. § 20701.

17

DEFENDANT'S JURY REQUEST NO. 15

(<em>Locomotive Inspection Act</em> – Burden of Proof)

In order for the plaintiff to recover on his claim under the *Locomotive Inspection Act*, the plaintiff must prove that CSX violated the *Locomotive Inspection Act*. In order to meet his burden of proof in this regard, the plaintiff must demonstrate, by a fair preponderance of the evidence: (1) that locomotive No. CSX 5105, its parts and appurtenances were not in proper condition; or (2) that the locomotive or its parts and appurtenances were not safe to operate such that they posed an unnecessary danger of personal injury; and (3) that CSX's violation of the *Locomotive Inspection Act* caused the plaintiff's alleged injuries.

Carter v. Altanta & St. Andres Bay Ry. Co., 338 U.S. 430 (1949); Coray v. Southern Pac. Co., 335 U.S. 520 (1949); Grogg v. Mo. Pacific R.R. Co., 841 F.2d 210 (8th Cir. 1988); O'Donnell v. E.J. & E., 338 U.S. 384 (1949); Brady v. Terminal R. Assoc., 303 U.S. 10 (1938); Affolder v. New York, Chicago, & St. Louis Railroad Co., 339 U.S. 96 (1950).

DEFENDANT'S JURY REQUEST NO. 16

(*Locomotive Inspection Act*—not Every Problem with Railroad
Equipment is an Actionable Defect)

Not every alleged shortcoming or problem with railroad equipment necessarily

constitutes an actionable defect under the law.  In order to find CSX liable in the circumstances,

you must find that the condition of the conductor's seat violated the *Locomotive Inspection Act*

by making the locomotive unsafe to operate or by putting the locomotive in improper condition.

See McGinn v. Burlington Northern Railroad Company, 848 F. Supp. 827 (D.N.D.Ill.
1994); Sandstrom v. Chicago & Northwestern Transp. Co., 907 F.2d 839, 840 (8th Cir. 1990);
Mosco v. Baltimore & Ohio Railroad, 817 F.2d 1088 (4th Cir. 1987); see also Turner v.
Clinchfield Railroad Company, 489 S.W. 2d 257, 260 (Tenn. 1972)("We find no case and none
is cited to us where liability has been imposed on a carrier for the temporary presence of a piece
of ice or foreign substance on equipment not connected with some mechanical defect, violation
of some rule or regulation, or in the absence of negligence on the part of the carrier.");
Raudenbush v. Baltimore & O.R. Co., 160 F. 2d 363, 366 (3d Cir. 1947)(mere presence of
foreign matter on locomotive not violative of Boiler Inspection Act; Ford v. New York, N.H. &
H.R. Co., 54 F.2d 342, 343 (2d Cir. 1931) (no violation of the Act for grease on a locomotive
grab-iron since "[a] railroad...can be required to equip its cars with necessary safety appliances,
but it cannot be held responsible for every careless act."); Reeves v. Chicago, St. P., M. & O.R.
Co., 147 Minn. 114, 116, 179 N.W. 689, 690 (Minn. 1920) (presence of a piece of coal on a step
leading to a locomotive cab held to be no violation of the Act since it did not apply to cases
"where some foreign substance has found a temporary lodgment upon the appliances of the
locomotive...and which is not the result of the ordinary use [thereof]..., but came there
accidentally from some unforeseen cause.").

19

DEFENDANT'S JURY REQUEST NO. 17

(Standard of Care)

The plaintiff must prove by a fair preponderance of the evidence that CSX's violation of

the *Locomotive Inspection Act*, if any, caused his alleged injuries. The obligation of a railroad to

its employees under the law is to exercise ordinary care, not absolute care, under all of the facts

and circumstances.

See Turner v. Clinchfield Railroad Company, 489 S.W. 2d 257, 260 (Tenn. 1972)( "We
find no case and none is cited to us where liability has been imposed on a carrier for the
temporary presence of a piece of ice or foreign substance on equipment not connected with some
mechanical defect, violation of some rule or regulation, or in the absence of negligence on the
part of the carrier."); Raudenbush v. Baltimore and Ohio Railroad, 160 F.2d 363 (3rd Cir. 1947)
(mere presence of foreign matter on locomotive not violation of Boiler Inspection Act).

DEFENDANT'S JURY REQUEST NO. 18

(Plaintiff's Sole Negligent and/or Intentional Conduct)

CSX cannot be held liable under the *Locomotive Inspection Act* for any accident which was caused solely by the plaintiff's own negligence or intentional conduct. Thus, if the plaintiff was 100% responsible for his accident, he cannot recover. If you find that the plaintiff negligently or intentionally damaged the conductor's seat, or that he failed to inspect the conductor's chair and notice the condition and then take adequate precautions concerning the condition of the conductor's chair, and that such negligence and/or intentional conduct was the sole cause of any injuries the plaintiff may have sustained, then you must return a verdict for CSX.

Taylor v. Illinois Cent. R.R. Co., 8 F.2d 584, 586 (7th Cir. 1993); Walden v. Illinois Cent. Gulf R.R., 975 F.2d 361 (7th Cir. 1992)(Proof that employee's own negligence was sole cause of injury is valid defense to a negligence per se action under FELA resulting from violation of statute or regulation).

21

 DEFENDANT'S JURY REQUEST NO. 19

(Causation, Generally)

The burden is on the plaintiff to prove by a preponderance of the evidence that the

injuries from which he complains were proximately caused by his alleged May 20, 2003,

incident.  The plaintiff bears this burden on every element of each of his theories of liability.

You are not permitted to speculate regarding the plaintiff's injuries.  Thus, if the plaintiff fails to

prove that his injuries resulted from the alleged May 20, 2003, accident involving the

conductor's seat on locomotive No. CSX 5105, he is not entitled to recover damages in this

action.

Kuberski v. New York Cent. R. R., 359 F.2d 90 (1966); Dollens v. Public Belt R. R.
Commission, 333 F. Supp. 72 (1971); Rose v. Atlantic Coast Line R. R., 277 F. Supp. 913, aff'd,
403 F.2d 204; see also Robert v. Consolidated Rail Corp., 832 F.2d at 5-6 (to be recoverable
under FELA, injury must be "result of the negligence of [railroads'] employers or their fellow
employees"); Chesapeake & Ohio Ry. v. Carnahan, 241 U.S. 241, 244 (1916) (plaintiff must
prove that employer's negligence was actual and proximate cause of his injuries); Buell v.
Atchison, Topeka & Santa Fe Ry., 771 F.2d 1320, 1322 (9th Cir.), aff'd and vacated on other
grounds, 480 U.S. 557 (1987).

DEFENDANT'S JURY REQUEST NO. 20

(Burden to Prove Medical Causation)

The plaintiff must prove by a preponderance of the evidence that any injury he has

sustained was proximately caused by CSX's negligence or its alleged violations of the

*Locomotive Inspection Act.* CSX is not to be held responsible for any ailments from which the

plaintiff may suffer which resulted from any cause other than those related to the alleged

accident on locomotive No. CSX 5105.

Any physical disability or illness which you find to be attributable to either a prior or

subsequent illness or accident which is not a direct result of the May 20, 2003, accident on the

locomotive No. CSX 5105 are not a part of this action and should not be considered by you.

You may not speculate or guess about this issue. It is not sufficient for the plaintiff to show that

his condition, injury and disability could or might have been caused by the alleged accident.

Chesapeake v. Ohio Ry. v. Carnahan, 241 U.S. 241, 244 (1916); Bowles v. Zimmer Mfg.
Co., 277 F.2d 868 (7th Cir. 1960). See Moody v. Maine Cent. R. Co., 823 F.2d 693, 695 (1st
Cir. 1987) ("Where the conclusion [of medical causation] is not one within common knowledge,
expert testimony may provide a sufficient basis for it, but in the absence of such testimony it may
not be drawn") (citation omitted); Williams v. Southern Pacific Transp. Co., 813 F. Supp. 1227,
1229-1231 (S.D. Miss. 1992) (railroad not liable under FELA to engineer for alleged hearing
loss in absence of expert medical evidence showing causal connection).

23

DEFENDANT'S JURY REQUEST NO. 21

(Medical Expertise Required)

Issues of medical causation, for example, whether an injury or illness was causally related to an alleged accident, represent subjects requiring specialized medical knowledge and expertise. Jurors may not speculate or guess about medical causation issues based upon their own common, lay understanding, but rather must rely on the scientific or medical evidence provided by professionals and experts.

See Moody v. Maine Central R. Co., 823 F.2d 693, 695 (1st Cir. 1987); Maylew v. Bell S.S. Co., 917 F.2d 961, 963 (6th Cir 1990); Williams v. Southern Pacific Transp. Co., 813 F.Supp. 1227, 1229-1231 (S.D. Miss. 1992). See also Haggerty v. McCarthy, 344 Mass. 136, 140-141, 181 N.E.2d 562 (1962).

DEFENDANT'S JURY REQUEST NO. 22

(Causation - Probability, Not Possibility Standard)

Medical opinions on the subject of causation are not relevant or of any value unless a

physician testifies that a causal relationship between a particular alleged event and a particular

injury is probable and reasonably likely, rather than a mere possibility.


See <u>Imbibo v. Ahrens,</u> 360 Mass. 847, 847-848, 274 N.E.2d 349 (1971); <u>Oberlander's</u>
<u>Case</u>, 348 Mass. 1, 7, 200 N.E.2d 268 (1964); <u>Berardi v. Mendicks</u>, 340 Mass. 396, 402, 164
N.E.2d 544 (1960). See also <u>Mayhew v. Bell S. S. Co.</u>, 917 F.2d 961, 963 (6th Cir. 1990).

25

DEFENDANT'S JURY REQUEST NO. 23

(Plaintiff's Duty to Use Due Care)

Under the law, all persons are bound to take ordinary and reasonable care for their own

safety and are required to use that degree of care and prudence which people of ordinary

intelligence and prudence would exercise under the same or similar circumstances.  A person

must make a reasonable use of his or her own faculties and use due care to observe and to avoid

dangers or hazards which may allegedly exist upon the equipment he or she is using.

Benjamin v. O'Connell & Lee Manufacturing Company, 334 Mass. 646, 649, 138 N.E.2d
126 (1956); Lookner v. New York, New Haven & Hartford Railroad, 333 Mass. 555, 557, 132
N.E.2d 160 (1956); Nolan and Sartorio, Tort Law §208 at 346-347 (2d ed. 1989).  See Allen v.
Chance Mfg. Co., Inc., 873 F.2d 465, 473 (1st Cir. 1989).  See also Hlodan v. Ohio Barge Line,
Inc., 611 F.2d 71 (5th Cir. 1980) (breach of duty which plaintiff has consciously assumed as term
of employment will bar recovery for injuries resulting from breach); Beimert v. Burlington
Northern, Inc, 726 F.2d 412 (8th Cir. 1984) (no recovery where employee's negligence was sole
cause of accident), Higley v. Missouri Pacific R. Co., 685 S.W.2d 572 (Mo. App. 1985).

26

DEFENDANT'S JURY REQUEST NO. 24

(Effect of Plaintiff's Negligence)

The defendant bears the burden of proving that the plaintiff was negligent. If you find

that the plaintiff was negligent, and that his negligence proximately caused his injuries, then you

must assign a percentage of fault to him. If the plaintiff himself was negligent and such

negligence was the sole cause of his accident, then you must find for CSX. With respect to his

FELA negligence claim, the plaintiff's recovery will be reduced by his percentage negligence.

However, the plaintiff's own (or contributory) negligence does not serve to reduce his recovery

on his *Locomotive Inspection Act* claim – unless you find that the plaintiff was himself totally or

100% responsible for his own injuries, in which case you must enter a verdict for CSX.

Carter v. Atlanta & St. A. B. Ry., 338 U.S. 430, 435 (1949). See Hlodan v. Ohio Barge Line, Inc., 611 F.2d 71 (5th Cir. 1980) (breach of duty which plaintiff has consciously assumed as term of employment will bar recovery for injuries resulting from breach); Beimert v. Burlington Northern, Inc, 726 F.2d 412 (8th Cir. 1984) (no recovery where employee's negligence was sole cause of accident), Higley v. Missouri Pacific R. Co., 685 S.W.2d 572 (Mo. App. 1985).

DEFENDANT'S JURY REQUEST NO. 25

(Violation of a Safety Rule or Practice—Evidence of Negligence)

You may consider the plaintiff's violation of CSX's *Safety Rules* or standard practices as evidence of the plaintiff's own negligence.

Godrey v. Old Colony Street Railway, 223 Mass. 419, 420 (1916).

28

<u>DEFENDANT'S JURY REQUEST NO. 26</u>

(Damages - No Inference from Instructions)

The fact that the Court is giving you instructions on the law of damages, standing by itself, is not relevant and should create no inference whether or not the jury should actually award damages in the individual circumstances of this case. If you decide to award damages in this case, the plaintiff is entitled to that sum of money which will reasonably reimburse him for the cost of the injuries he has suffered as a result of the defendant's negligence. In this regard, the plaintiff bears the burden of proving that each and every injury or incapacity which he alleges in this case was causally related to CSX's conduct.

3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, §85.01 at 312 (4th ed. 1987).

29

DEFENDANT'S JURY REQUEST NO. 27

(Speculation Impermissible)

Any damages for which the plaintiff seeks recovery in this action must be proven and not left to guess work or speculation. You are not permitted to award the plaintiff speculative damages, that is, compensation for a loss or harm which, although possible, is conjectural or not reasonably certain.

Rouse v. Chicago, Rock Island & Pacific R. Co., 474 F.2d 1180 (8th Cir. 1973); Goldstein v. Kelleher, 728 F.2d 32, 38 (1st Cir. 1984); Dillingham v. Hall, 365 S.E.2d 738 (Va. 1988); Devitt, Blackmar and Wolff, §85.14 at 338 (4th ed. 1987).

DEFENDANT'S JURY REQUEST NO. 28

(Pre-Existing Medical Conditions/Injuries)

If you find from the evidence that the plaintiff was at the time of the alleged incident on

May 20, 2003, suffering from a pre-existing medical condition, the plaintiff is not entitled to

damages resulting from the pre-existing medical condition. Instead, he may only recover such

damages resulting from the alleged incident of May 20, 2003, if you find that the incident of

May 20, 2003, was caused by some act of negligence or statutory violation on the part of the

defendant.

Stevens v. Bangor and Aroostook Railroad Company, 97 F.3d 594, 601-602 (1st Cir. 1996); Varhol v. National Railroad Passenger Corp., 909 F.2d 1557, 1564-1565 (7th Cir. 1990); Sauer v. Burlington Northern Company, 106 F.3d 1490, 1495 (10th Cir. 1996); Akers v. Norfolk and Western Railway Co., 417 F.2d 632 (4th Cir. 1969); Holladay v. Chicago, Burlington and Quincy Railroad Co., 255 F.Supp. 879, 886 (S.D. Iowa 1966).

31

DEFENDANT'S JURY REQUEST NO. 29

(Aggravation of Injuries)

If you find that the plaintiff had a pre-existing medical condition or injury prior to the

alleged incident of May 20, 2003, you should not consider any pecuniary loss caused by the pre-

existing condition which would have resulted independently of the alleged incident of May 20,

2003. You should also not consider any medical or hospital expenses or loss of earning capacity

incurred by reason of the pre-existing condition which would have occurred independently of the

alleged incident of May 20, 2003. If CSX's negligence aggravated the plaintiff's pre-existing

health condition, it is liable only for the additional increment caused by its negligence and not for

the pain and impairment that the plaintiff would have suffered even if the accident had never

occurred.

Stevens v. Bangor and Aroostook Railroad Company, 97 F.3d 594, 601-602 (1st Cir. 1996); Varhol v. National Railroad Passenger Corp., 909 F.2d 1557, 1564-1565 (7th Cir. 1990); Holladay v. Chicago, Burlington and Quincy Railroad Co., 255 F.Supp. 879, 886 (S.D. Iowa 1966); Akers v. Norfolk and Western Railway Co., 417 F.2d 632 (4th Cir. 1969).

32

DEFENDANT'S JURY REQUEST NO. 30

(Aggravation of Injuries)

The plaintiff has the burden of proving to a reasonable degree of certainty that any

alleged future disability of which he complains is a result of an aggravation of injuries caused by

CSX's conduct, rather than the result of the natural development of a pre-existing condition.  If

you find CSX was negligent, it is only liable for the damages which cause an aggravation of a

pre-existing condition, but it is not liable for the pre-existing condition itself.

Stevens v. Bangor and Aroostook Railroad Company, 97 F.3d 594, 601-602 (1st Cir. 1996); Varhol v. National Railroad Passenger Corp., 909 F.2d 1557, 1564-1565 (7th Cir. 1990); Akers v. Norfolk and Western Railway Co., 417 F.2d 632 (4th Cir. 1969); Holladay v. Chicago, Burlington and Quincy Railroad Co., 255 F.Supp. 879, 886 (S.D. Iowa 1966).

33

DEFENDANT'S JURY REQUEST NO. 31

(Apportionment of Damages)

If you find that there was an aggravation of the plaintiffs pre-existing health condition,

you should determine what portion of the plaintiff's present condition resulted from the

aggravation and make allowance in your verdict only for the aggravation.

Stevens v. Bangor and Aroostook Railroad Company, 97 F.3d 594, 601-602 (1st Cir. 1996); Varhol v. National Railroad Passenger Corp., 909 F.2d 1557, 1564-1565 (7th Cir. 1990); Sauer v. Burlington Northern Company, 106 F.3d 1490, 1495 (10th Cir. 1996).

34

DEFENDANT'S JURY REQUEST NO. 32

(Plaintiff is not Entitled to Recover Medical Expenses)

The plaintiff is not entitled to recover damages for medical expenses covered by the

plaintiff's insurance policy, the premiums for which were paid by CSX.

Rogers v. Chicago & Northwestern Transportation Co., 375 N.E.2d 952 (1978); Nelson
v. Pennsylvania Central Railroad Co., 415 F.Supp 225 (1976); Brice v. National Railroad
Passenger Corporation, 664 F.Supp. 20 (1987) (The plaintiff may not recover for medical
expenses paid pursuant to the plaintiff's insurance policy covered by the railroad, but may
introduce evidence concerning the amount of medical bills or expenses; defendant railroad may
thereafter introduce evidence regarding the expenses that have been paid.).

DEFENDANT'S JURY REQUEST NO. 33

(Duty of Plaintiff to Mitigate Damages)

An injured party is under a legal obligation to mitigate his damages, that is, to minimize the economic loss resulting from his injury, by resuming gainful employment as soon as such can reasonably be done. If he does not resume employment even though he is physically able to do so, then the plaintiff may not recover damages for earnings lost after the date on which he was or reasonably could have been able to return to some form of gainful employment.

Young v. American Export Lines, 291 F. Supp. 447, 450 (S.D. N.Y. 1968); Holladay v. Chicago, B. & Q. R. R., 255 F. Supp. 879, 886-887 (S.D. Iowa 1966); Alexander v. Meija Kasom K. K., 195 F. Supp. 831, 835 (E.D. Ca. 1961), aff'd, 311 F.2d 385 (5th Cir. 1962).

DEFENDANT'S JURY REQUEST NO. 34

(Duty of Plaintiff to Mitigate Damages)

"One who is injured by the wrongdoing of another [should the jury find that any wrongdoing has, in fact, occurred in this case] owes to that other the duty to make every reasonable effort to repair the injury and lessen the damages.  If he does not, the cause of any injury which such effort would have prevented is to be found in the neglect of the person injured, and not in the original wrong."

Degener v. Gray Line, 331 Mass. 133, 134, 117 N.E.2d 641 (1954).

DEFENDANT'S JURY REQUEST NO. 35

(Damages Must Be Reasonable)

If you find for the plaintiff, the damages which you award must be reasonable.  You may award only that amount of damages as will reasonably compensate the plaintiff for his injury.  In this regard, the plaintiff has the burden of proving, by the evidence in the case, that the damages which he alleges or claims were sustained as a direct result of the accident.

Nolan and Sartorio, <u>Tort Law</u> §240 at 405 (2d ed. 1989).

38

DEFENDANT'S JURY REQUEST NO. 36

(Wage Loss)

Net wage loss is the proper measure of damages. Only after tax, or "net" income, is the

proper measure of damages.

Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523 (1983); Norfolk & Western
Railway Co. v. Liepelt, 444 U.S. 490 (1980); Cazad v. Chesapeake & Ohio Railway Co., 404
N.E.2d 320 (Ill.App. 1980); Norfolk & Western Railway Co. v. Liepelt, 444 U.S. 490 (1980).

Not only must federal income tax be deducted from any future wage loss calculation, but

social security tax or railroad retirement tax must also be deducted, along with any state income

tax.

Pickel v. International Oilfield Divers, Inc., 791 F.2d 1237 (5ᵗʰ Cir. 1986); Matador v.
Ingram Tank Ships, Inc., 732 F.2d 475 (5ᵗʰ Cir. 1985).

Plaintiff is required to deduct from his gross earnings not only taxes, but also the business

costs and expenses he will not incur as a result of his alleged injuries. These costs and expenses

include union dues, transportation expenses, and special work clothing or safety equipment.

Jones & Laughlin Steel Corp. v. Pfeifer, 732 F.2d 475 (5th Cir. 1985).

39

DEFENDANT'S JURY REQUEST NO. 37

(Hedonic or Loss of Pleasure of Life Damages)

You may not include in your award of damages in this case, if any, any compensation for the plaintiff's so-called "loss of pleasure of life" or any compensation for alleged injury to the plaintiff's ability to enjoy life. Such alleged damages may not be recovered under the applicable law.

See generally 15 A.L.R.3d 506, "Damages — Loss of Enjoyment of Life."

DEFENDANT'S JURY REQUEST NO. 38

(Unanimity of Verdict)

Your verdict in this case must be unanimous. In order to return a verdict, it is necessary that each juror agree. This applies to each element of the plaintiff's theories of liability.

In order for the plaintiff to satisfy his burden of proof that CSX was negligent under the FELA, you must all come to agreement on each element of this theory. Specifically, you must all unanimously agree that the plaintiff has met his burden of proving that the conductor's chair was unreasonably unsafe, that CSX knew or should have known of the condition of the conductor's chair prior to the plaintiff's alleged accident, CSX failed to exercise ordinary care under the circumstances and that the unsafe condition was due to CSX's negligence. If you find that the plaintiff has met his burden of proof under this theory, you must also all unanimously agree that the plaintiff has met his burden of proving that the unreasonably unsafe condition on the locomotive proximately caused the plaintiff's injuries. If you do not all unanimously agree on this theory of liability, or on the issue of causation, your verdict would not be unanimous, and you would be required to return a verdict in favor of CSX.

In order for the plaintiff to satisfy his burden of proof that CSX is liable under the *Locomotive Inspection Act*, you must all unanimously agree that the plaintiff has met his burden of proving that CSX violated the *Act* by creating a locomotive which was in improper condition or was unsafe to operate such that it posed an unnecessary danger of personal injury. If you find that the plaintiff has met his burden of proof under this theory, you must also all unanimously agree the plaintiff has met his burden of proving that the unsafe condition on the locomotive proximately caused the plaintiff's injuries. If you do not all unanimously agree on each element of this theory of liability, or on the issue of causation, your verdict would not be unanimous, and

41

you would be required to return a verdict in favor of CSX.

     See Fed. R. Civ. P. 48; 3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, sec. 74.01 (4th ed. 1987 and 1996 Supp.); Wright & Miller, <u>Federal Practice and Procedure</u>, sec. 2492 at 143-147 (2d ed. 1994).  See generally <u>Brochu v. Ortho Pharmaceutical Corp.</u>, 642 F.2d 652, 662 (1st Cir. 1981) ("Ordinarily, to submit two counts for general verdict where the evidence does not justify recovery on both, constitutes error, since it cannot be told that the jurors did not take the wrong route"), and cases cited therein.