UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT F. MERCIER,
               Plaintiff,

v.

CSX TRANSPORTATION, INC.,
               Defendant.

Case Number: 03 12611 MAP

## DEFENDANT CSX TRANSPORTATION INC.' S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF DAVID VIERSCHILLING IN ITS ENTIRETY AND/OR TO EXCLUDE MR. VIERSCHILLING'S HEARSAY STATEMENTS

Defendant CSX Transportation, Inc. ("CSX") hereby submits its *Motion in Limine to Exclude the Testimony of David Vierschilling in its Entirety and/or to Exclude Mr. Vierschilling's Hearsay Statements* ("*Motion*"). As grounds therefore, the defendant states as follows:

### I.      FACTUAL BACKGROUND:

#### A.    Mr. Vierschilling's Written Statement

On May 20, 2003, David Vierschilling was the engineer on train Q11920 which had locomotive CSX 5105 as its lead power. Mr. Vierschilling's crew consisted solely of the plaintiff, Robert F. Mercier, who was his conductor. Sometime in June 2003, Mr. Vierschilling gave a written statement to CSX as to the events as they related to the incident involving the plaintiff. *See Statement of Dave Vierschilling*, a copy of which is attached hereto as Exhibit "A." It is clear from his statement that Mr. Vierschilling did not see the happening of the incident due to the fact that he had to ask the plaintiff what happened. Specifically, Mr. Vierschilling wrote that "I asked what happened and he said the chair went back by itself." Further, and upon information and belief, CSX expects that Mr. Vierschilling will testify that he did not witness the

incident involving the plaintiff, due to the fact that he was busy operating the engine, and that the

only information he has concerning the happening of the incident comes from what the plaintiff

told him occurring.

**B.    Plaintiff's Counsel's Unauthorized Contact with Mr. Vierschilling**

On or about September 6, 2003, Mr. Vierschilling gave a statement to plaintiff's counsel.

*See Mercier v. CSX*, dated September 6, 2003, a copy of which is attached hereto as Exhibit "B."

Plaintiff's counsel never obtained CSX's permission to speak directly with its employee, Mr.

Vierschilling, who was the only person in proximity to the plaintiff at the time of his accident.

## II.    DISCUSSION OF LAW:

**A.    Mr. Vierschilling's Testimony will be Inadmissible Hearsay:**

"'Hearsay' is a statement, other than one made by the declarant while testifying at the

trial or hearing, offered in evidence to prove the truth of the matter asserted" and is not

admissible except as provided by these rules or by other rules prescribed by the Supreme Court

pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 801(c) and 802. Hearsay

statements may be admissible if they qualify as an exception or exemption; otherwise, they are

inadmissible. *See* Fed. R. Evid. 803 and 804. Where a statement contains multiple levels of

hearsay, each hearsay statement must be admissible under a hearsay exception. *See* Fed. R.

Evid. 805.

Here, those portions of Mr. Vierschilling's testimony which relate information that was

provided or supplied to him by the plaintiff must be excluded as it is hearsay. It is clear from

Mr. Vierschilling's own statement, as well as from information known to CSX, that Mr.

Vierschilling did not observe the happening of the plaintiff's accident and the information which

he has concerning the happening of that event was related to him solely by the plaintiff after the

incident. In that Mr. Vierschilling's knowledge of the happening of the plaintiff's accident comes from statements made by the plaintiff, the Court must only permit him to testify to that which he personally observed.

**B.    Mr. Vierschilling's other Statements are Inadmissible Hearsay:**

In the alternative, the ex parte statements from Mr. Vierschilling acquired by plaintiff's counsel should also be excluded. Recently, the Court concluded that ex parte communications, such as those with Mr. Vierschilling, are obtained in violation of Mass. R. Prof. Cond. 4.2, and further that such communications are not permitted under 45 U.S.C. § 60. *See* Groppo v. Zappa, Inc., 2005 U.S. Dist. LEXIS 5651, * 10-11 (D. Mass. March 30, 2005), a copy of which is attached as Exhibit "C." The statements obtained from Mr. Vierschilling by plaintiff's counsel through ex parte communications must be excluded.

In Groppo v. Zappa, Inc., plaintiff's attorney met with the president of the defendant's company and obtained an affidavit from him, all without contacting the defendant's attorney. Groppo, 2005 U.S. Dist. LEXIS 5651 at *2. Defendant's counsel asserted that this contact was an ex parte communication in violation of Mass. R. Prof. Cond. 4.2[1], which plaintiff's counsel claimed was preempted by 45 U.S.C. § 60[2]. Id.

This issue was previously addressed by this Court in Pratt v. National Railroad Passenger

---

[1]  Specifically, Mass. R. Prof. Cond. 4.2 provides that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."

[2] 45 U.S.C. § 60, provides as follows:

> [a]ny contract, rule, regulation, or device whatsoever, the purpose, intent, or effect of which shall be to prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee, shall be void, and whoever, by threat, intimidation, order, rule, contract, regulation, or device whatsoever, shall attempt to prevent any person from furnishing voluntarily such information to a person in interest, or whoever discharges or otherwise disciplines or attempts to discipline any employee for furnishing voluntarily such information to a person in interest, shall, upon conviction thereof, be punished . . . or imprisoned....

Corp., a case in which counsel for the defendant refused to permit its employee to be deposed,

despite numerous requests by plaintiff's counsel. 54 F. Supp. 2d 78, 78-79 (D. Mass. 1999)

(holding that plaintiff's counsel's ex parte contact with defendant's employee did not violate

Rule 4.2). In that case, the Court held that, based on the language of 45 U.S.C. § 60

> section 10 was enacted to equalize the influence of railroads and
> employees in the conduct of litigation. Since Rule 4.2 in
> Massachusetts is interpreted to be broadly protective of
> corporations, it creates just those inequities that Congress
> specifically chose to rectify by enacting section 10. If section 10 is
> not the type of legal authorization for ex parte communications
> anticipated by Rule 4.2, it is difficult to imagine what is.

Pratt, 54 F. Supp.2d at 82.

Acknowledging that the Pratt decision, if applied in the Groppo case, would excuse

plaintiff's counsel's conduct, the Groppo Court went on to state that another case, Weibrecht v.

Southern Illinois Transfer, Inc. as more persuasive. Groppo, 2005 U.S. Dist. LEXIS 5651 at *7-

8, *citing* Weibrecht v. Southern Illinois Transfer, Inc., 241 F.3d 875 (7th Cir. 2001).[3] In

Weibrecht, the Seventh Circuit found that nothing in 45 U.S.C. § 60 suggested "that it was

designed to authorize conduct that would otherwise violate general ethical rules." Groppo, 2005

U.S. Dist. LEXIS 5651 at *11, *citing* Weibrecht, 241 F.3d at 881.

Given this Court's holding in Groppo, Mr. Vierschilling's ex parte statements must be

excluded. While the ex parte deposition conducted by counsel in Pratt v. National Railroad

---

[3] In Weibrecht, a deckhand drowned while securing a barge to a tug, and suit was brought under the Jones Act. 241 F.3d at 877. Prior to the deposition of the barge's owner, the plaintiff called the pilot to discuss his theory of the case. Id. at 877. Plaintiff's counsel also called the pilot prior to his deposition, allegedly to advise the pilot that his deposition time had been changed. Id. at 878. While defendant's counsel argued that plaintiff's counsel's conduct violated Rule 4.2, plaintiff's counsel claimed his actions were permissible under 45 U.S.C. § 60, which he claimed superseded the ethical requirements under Rule 4.2. Id. In its decision, the Court noted that "if the word 'prevent' in FELA § 60 were read to include the 'marginal deterrence' imposed by Rule 4.2, then it 'would effectively be finding that the FELA and the Jones Act were intended to displace generally applicable ethical rules.'" Groppo, 2005 U.S. Dist. LEXIS 5651, at *10-11, *quoting* Weibrecht, 241 F.3d at 880 and 881. In concluding that Rule 4.2. was not superseded by 45 U.S.C. § 60, the Court further noted that "FELA § 60, by its terms, does not authorize anything." Weibrecht, 241 F.3d at 880.

Passenger Corp. was determined to be appropriate by the court, the ex parte statements made by Mr. Vierschilling in this case are subject to Groppo, not Pratt, and, therefore, must be excluded because plaintiff's counsel never requested to speak or depose Mr. Vierschilling and instead conducted an ex parte meeting with Mr. Vierschilling. As such, 45 U.S.C. § 60 is inapplicable, as the defendant clearly did not attempt to prevent Mr. Vierschilling from speaking with plaintiff's counsel, as it was not even aware that plaintiff's counsel desired to speak with Mr. Vierschilling. Therefore, plaintiff's counsel's ex parte contact with Mr. Vierschilling, a CSX employee, was in clear violation of Rule 4.2, and statements made during the course of that meeting must be excluded.

Furthermore, Mr. Vierschilling's other statements, both written and oral, constitute hearsay and, for the reasons discussed *supra*, should also be excluded.

WHEREFORE, for all of the above-stated reasons, the defendant respectfully requests that its *Motion* be allowed.

<strong><u>REQUEST FOR ORAL ARGUMENT</u></strong>

Pursuant to Local Rule 7.1(D), the defendant respectfully states that oral argument may assist the Court and requests a hearing on its *Motion in Limine*.

Respectfully submitted,
CSX TRANSPORTATION, INC.,
by its attorneys,

/s/ Richard A. Davidson, Jr.
Michael B. Flynn          BBO #559023
*mbflynn@flynnassoc.com*
Richard A. Davidson, Jr.     BBO #552988
*radavidsonjr@flynnassoc.com*
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

Dated: May 31, 2005

5

# Exhibit "A"

STATEMENT of DAVE VIERSCHILLIING

Mr. Mercier was leaning back when a noise was heard from his chair. Mr. Mercier was leaning back in chair flat and of the ground, to help pick up. I asked what happened and he said the chair went backwards it self.

Dave Vierschilling

790367

# Exhibit "B"

## MERCIER V. C.S.X.

My name is Dave Vierschilling. I have worked on the railroad for the last 15 years. I started as a Trainman but am now working as an Engineer. I live at 23 Rudy Lane, Selkirk, New York, 12158-3016. My telephone number is (518) 756-3612. The night Robert Mercier was injured he was my conductor and we were working from Boston to Selkirk. We started out in the Beacon Street Yard with two light locomotives on our way to Worcester, MA. To pick up our train to take to Selkirk. Before we got under way we checked our equipment including our seats and everything seemed fine. As we got under way and a short time out of Boston I think it was about mile post 33 or 34 Bobby tried to adjust his seat to recline a little. After adjusting the seat bobby tried to stretch his legs and that's when the seat back suddenly fell back without warning. It was a good thing Bobby's bag was behind the seat or it may have gone further back. After giving him a hand up I told him he should fill out an incident report when we get back to Worcester. After arriving in Worcester bobby filled out an accident report with road foreman S.F. Wilson. After that was done we continued on our way to Selkirk making another stop along the way. The whole way back Bobby sat in the middle seat in the upright position and their were no more problems with the seats the rest of the trip.

This statement is true and correct to the best of my knowledge.

9-6-03

# Exhibit "C"

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 5651    Page 1 of 7

Case 3:03-cv-12611-MAP    Document 34    Filed 05/31/2005    Page 11 of 17

Service: **Get by LEXSEE®**
Citation: **2005 us dist lexis 5651**

*2005 U.S. Dist. LEXIS 5651, \**

JOSEPH GROPPO, Plaintiff, v. ZAPPA, INC., Defendant.

03-CV-10384-MEL

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

2005 U.S. Dist. LEXIS 5651

March 30, 2005, Decided

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff alleged that he was injured while working as a commercial fisherman. Plaintiff sued defendant, the vessel's owner, for negligence under the Jones Act, 46 U.S.C.S. § 688, unseaworthiness, and seaman's maintenance and cure. The owner moved to dismiss or, in the alternative for evidentiary sanctions, on the grounds that plaintiff's counsel engaged in ex parte contact with the owner's principal and an employee of the owner.

**OVERVIEW:** The court found that the two individuals with whom plaintiff's counsel had ex parte contact, the owner's principal and one of the owner's employees (the crewman who allegedly injured plaintiff), fell within the ambit of Mass. Sup. Jud. Ct. R. 3:07, R. Prof. Conduct 4.2. Accordingly, plaintiff's counsel's ex parte communication was in violation of Mass. Sup. Jud. Ct. R. 3:07, R. Prof. Conduct 4.2. Moreover, the court found that the Federal Employers' Liability Act (FELA) § 60, 45 U.S.C.S. § 60, did not override ethical rules prohibiting a plaintiff's lawyer from contacting employees of a defendant, in a Jones Act action, without the awareness of defense counsel. Without an expression of Congressional intent to the contrary, it would have been unsound to hold that a provision of a federal statute preempted a well-established state rule. However, in light of conflicting decisions on the issue, plaintiff's counsel had a good faith basis to believe that ex parte contact in a Jones Act action was permissible. Accordingly, the court declined to impose any sanction upon plaintiff's counsel.

**OUTCOME:** The owner's motion was granted. Plaintiff's counsel's conduct violated the Rules of Professional Conduct, but the court declined to impose any sanction.

**CORE TERMS:** Jones Act, railroad, ethical, deposition, ex parte contact, regulation, vessel, pilot, defense counsel, personal injury, maritime, furnishing, opposing counsel, ex parte, crewmember, contacting, authorize, deckhand, override, cutting, preempts, seaman, void, tug, ex parte communication, scheduled, ambit

### LexisNexis(R) Headnotes ✦ Hide Headnotes

Civil Procedure > Counsel 🔎
Legal Ethics > Professional Conduct > Opposing Counsel & Parties 🔎
**_HN1_**⊥See Mass. Sup. Jud. Ct. R. 3:07, R. Prof. Conduct 4.2.

Civil Procedure > Counsel 🔎

Legal Ethics > Professional Conduct > Opposing Counsel & Parties 🔖
*HN2* The Massachusetts Supreme Judicial Court has ruled that in the context of organizational entities, only certain kinds of current employees properly fall within the prohibitions of Mass. Sup. Jud. Ct. R. 3:07, R. Prof. Conduct 4.2: those agents or employees (1) who exercise managerial responsibility in the matter, (2) who are alleged to have committed the wrongful acts at issue in the litigation, or (3) who have authority on behalf of the organization to make decisions about the course of the litigation. More Like This Headnote | *Shepardize:* Restrict By Headnote

Governments > Federal Government > Employees & Officials 🔖
Transportation Law > Water Transportation > Personal Injury & Property Damage 🔖
*HN3* See 45 U.S.C.S. § 60.

Admiralty Law > Personal Injuries > Jones Act 🔖
Transportation Law > Water Transportation > Personal Injury & Property Damage 🔖
*HN4* The Jones Act has made applicable to seamen injured in the course of their employment the provisions of the Federal Employers' Liability Act, 45 U.S.C.S. §§ 51-60, which gives to railroad employees the right of recovery for injuries resulting from the negligence of their employer, its agents or employees. 46 U.S.C.S. § 688. More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Counsel 🔖
Legal Ethics > Professional Conduct > Opposing Counsel & Parties 🔖
Transportation Law > Water Transportation > Personal Injury & Property Damage 🔖
*HN5* There is no "irreconcilable conflict" between the Federal Employers' Liability Act (FELA) § 60, 45 U.S.C.S. § 60, and Mass. Sup. Jud. Ct. R. 3:07, R. Prof. Conduct 4.2, and FELA § 60 does not supersede Mass. Sup. Jud. Ct. R. 3:07, R. Prof. Conduct 4.2. More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Counsel 🔖
Legal Ethics > Professional Conduct > Opposing Counsel & Parties 🔖
Transportation Law > Water Transportation > Personal Injury & Property Damage 🔖
*HN6* The United States Court of Appeals for the Seventh Circuit has found that the Federal Employers' Liability Act (FELA), 45 U.S.C.S. §§ 51-60, prohibits rules that prevent railroad or maritime employees from furnishing information about a worker's injury or death. Yet nothing in § 60 of FELA necessarily requires that a lawyer be allowed to gather information outside the presence of an employee's attorney. If an employee is represented, Mass. Sup. Jud. Ct. R. 3:07, R. Prof. Conduct 4.2 requires going through the employee's lawyer to schedule a deposition or otherwise obtain information. Such a requirement does not amount to a rule or device that prevents an employee from furnishing information to a plaintiff's lawyer. More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Counsel 🔖
Legal Ethics > Professional Conduct > Opposing Counsel & Parties 🔖
Transportation Law > Water Transportation > Personal Injury & Property Damage 🔖
*HN7* Section 60 of the Federal Employers' Liability Act (FELA), 45 U.S.C.S. § 60, by its terms, does not authorize anything. Rather, FELA § 60 is a prohibition on certain conduct by railroads and maritime employers from enacting rules or regulations that prevent employees from disclosing information to FELA or Jones Act plaintiffs. More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Counsel 🔖

Legal Ethics > Professional Conduct > Opposing Counsel & Parties 🔗
Transportation Law > Water Transportation > Personal Injury & Property Damage 🔗

*HN8* ⬇ Section 60 of the Federal Employers' Liability Act, 45 U.S.C.S. § 60, does not take precedence over Mass. Sup. Jud. Ct. R. 3:07, R. Prof. Conduct 4.2. More Like This Headnote | *Shepardize:* Restrict By Headnote

**COUNSEL:** **[*1]** For Joseph Groppo, Plaintiff: Joseph M. Orlando, Orlando & Associates, Gloucester, MA.

For Zappa, Inc., Osprey Underwriting, Certain Underwriters at Lloyds London, Defendants: Robert J. Murphy, Holbrook & Murphy, Boston, MA.

**JUDGES:** Morris E. Lasker, United States District Judge.

**OPINIONBY:** Morris E. Lasker

**OPINION:** MEMORANDUM AND ORDER

LASKER, D.J.

This is an action brought pursuant to the Jones Act, 46 U.S.C. § 688. Defendant moves to dismiss the complaint, or in the alternative for evidentiary sanctions, on the grounds that plaintiff's counsel engaged in *ex parte* contact with defendant's principal and an employee of defendant, in violation of Massachusetts' attorney ethics rules.

I.

On June 1, 2001, the plaintiff Joseph Groppo ("Groppo") suffered an injury while employed as a commercial fisherman abroad the vessel F/V CAROL ANN. Groppo alleges that he was injured when another crewmember negligently stabbed him in the arm while the two were cutting fish at the vessel's cutting table. Groppo brought suit against the vessel's owner, Zappa Inc., for negligence under the Jones Act, 46 U.S.C. § 688, unseaworthiness under the General **[*2]** Maritime Law, and for seaman's maintenance and cure.

Salvatore Zappa ("Mr. Zappa") was the president of the closed corporation Zappa Inc., and Captain of the F/V CAROL ANN. At Mr. Zappa's deposition it was acknowledged that counsel for defendant Zappa Inc. was also representing Mr. Zappa personally. However, sometime after the scheduled deposition, plaintiff's counsel met with Mr. Zappa again, this time without the knowledge or consent of defense counsel. During that meeting, Mr. Zappa signed an affidavit which had been prepared by plaintiff's counsel's office and was read aloud to him.

Prior to Mr. Zappa's deposition and the additional meeting, plaintiff's counsel met with and obtained a written affidavit from Salvatore Napoli ("Napoli"), an employee of Zappa Inc. and the crewmember alleged to have inflicted the injury at issue. Plaintiff's counsel's meeting with Mr. Napoli was also without the knowledge or consent of defense counsel.

Upon learning of the two meetings, defense counsel filed the motion at issue, contending that the contact between plaintiff's counsel and Mr. Zappa and Mr. Napoli, without defense counsel's knowledge or consent, constituted *ex parte* communication **[*3]** in violation of S.J.C. R. 3:07, Mass. R. Prof. Conduct 4.2 ("Rule 4.2").

Plaintiff's counsel defended his conduct by arguing that while Rule 4.2 may prohibit a lawyer from communicating with individuals represented by opposing counsel, in the instant case, Rule 4.2 does not apply. Plaintiff's counsel contended that Section 10 of the Federal

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 565    Page 4 of 7

Case 3:03-cv-12611-MAP   Document 34   Filed 05/31/2005   Page 14 of 17

Employers' Liability Act ("FELA"), 45 U.S.C. § 60, which is incorporated by reference in the Jones Act and thus relevant to this case, preempts state ethical rules and thus the *ex parte* contact at issue was legally authorized.

II.

The Massachusetts Rules of Professional Conduct provides in Rule 4.2:

> *HN1* "Communication with Person Represented by Counsel.
>
> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." S.J.C. R. 3:07, Mass. R. Prof. Conduct 4.2 ("Rule 4.2").

*HN2* The Massachusetts Supreme Judicial Court has ruled that in the context of organizational entities (such as defendant Zappa Inc. here), **[*4]** "only certain kinds of current employees properly fall within the prohibitions of [Rule 4.2]: those agents or employees (1) who exercise managerial responsibility in the matter, (2) who are alleged to have committed the wrongful acts at issue in the litigation, or (3) who have authority on behalf of the organization to make decisions about the course of the litigation." Clark v. Beverly Health and Rehab. Servs. Inc., 440 Mass. 270, 274-275, 797 N.E.2d 905 (2003) (citing Messing, Rudavsky & Weliky, P.C. v. President & Fellows of Harvard College, 436 Mass. 347, 764 N.E.2d 825 (2002)).

In the instant case, the two individuals with whom plaintiff's counsel had *ex parte* contact, fall within the ambit of Rule 4.2. Specifically, Mr. Zappa falls within the above category 1 as both the Captain of the vessel and the principal of the defendant corporation. Mr. Napoli falls within category 2 as the individual alleged to have cause plaintiff's injury. Accordingly, plaintiff's counsel's *ex parte* communication with Mr. Zappa and Mr. Napoli, without the consent of defendant's counsel, was in violation of Rule 4.2.

However, it is argued, as it is here, that the *ex parte* contact that **[*5]** is prohibited under professional conduct rules, is in fact permitted in the context of railroad and Jones Act cases because these actions implicate the FELA. n1 It is contended that Section 10 of the FELA permits ex parte contact with parties represented by opposing counsel because it provides:

> *HN3* "Any contract, rule, regulation, or device whatsoever, the purpose, intent, or effect of which shall be to prevent employees of any common carrier from voluntarily furnishing information to a person in interest as to facts incident to the injury or death of any employee, shall be void. . . ."

45 U.S.C. § 60 ("FELA § 60").

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

N1 *HN4* The Jones Act has "made applicable to seamen injured in the course of their employment the provisions of the [FELA], 45 U.S.C. §§ 51-60, which gives to railroad employees the right of recovery for injuries resulting from the negligence of their employer, its agents or employees." O'Donnell v. Great lakes Dredge & Dock Co., 318 U.S. 36, 38-39, 87 L. Ed. 596, 63 S. Ct. 488 (1943); see also 46 U.S.C. § 688 ("Any seaman who shall suffer personal injury in the course of his employment may, . . ., maintain an action for damages at law, . . ., and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply. . . .").

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*6]**

There is a sharp division among district courts on the question of whether FELA § 60 overrides ethical rules prohibiting a plaintiff's lawyer from contacting employees of a defendant, in a railroad or Jones Act action, without the awareness of defense counsel. n2

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n2 For cases interpreting FELA § 60 as superseding or preempting Rule 4.2: see Pratt v. AMTRAK, 54 F. Supp. 2d 78 (D. Mass. 1999); Blasena v. CONRAIL, 898 F. Supp. 282 (D.N.J. 1995); United Transp. Union Local Unions 385 & 77 v. Metro-North Commuter R.R., 1995 U.S. Dist. LEXIS 15989, 1995 WL 634906 (S.D.N.Y. Oct. 30, 1995).

For cases apply Rule 4.2 over FELA § 60: see Weibrecht v. Southern Illinois Transfer, Inc., 241 F.3d 875 (7th Cir. 2001) (reviewing the Jones Act); Woodard v. Nabors Offshore Corp., 2001 U.S. Dist. LEXIS 177, 2001 WL 13339 (E.D.La Jan. 4, 2001) (reviewing the Jones Act); Belote v. Maritrans Operating Partners, L.P., 1998 U.S. Dist. LEXIS 3571, 1998 WL 136523 (E.D. Pa. Mar. 20, 1998); Tucker v. Norfolk & W. Ry. Co., 849 F. Supp. 1096 (E.D. Va. 1994).

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*7]**

The question has been addressed in this district in the context of a railroad case. In Pratt v. AMTRAK, 54 F. Supp. 2d 78 (D. Mass. 1999), the plaintiff brought an action for personal injury against a railroad pursuant to the FELA. During discovery, plaintiff's counsel attempted through correspondence with the defendant railroad attorneys, to schedule a deposition of an employee of the railroad who had written a report concerning facts related to the cause of plaintiff's injury. When the railroad repeatedly refused to produce the employee in question, plaintiff's counsel took matters into his own hands and conducted an *ex parte* deposition of the employee. The railroad then moved to exclude the deposition on the grounds that it violated the ethical requirements of Rule 4.2. In opposition, plaintiff's counsel argued that in the FELA context, his conduct was authorized by Congress pursuant to FELA § 60. The court found, after reviewing the history of both Rule 4.2 and FELA § 60, that the purpose behind FELA § 60 was "to equalize the influence of railroads and employees in the conduct of litigation." Pratt, 54 F. Supp. 2d at 82. **[*8]** The court then held that "if [FELA § 60] is not the type of legal authorization for *ex parte* communications anticipate by Rule 4.2, it is difficult to imagine what is." Id.

The decision in Pratt supports the proposition that, here, plaintiff's counsel's conduct would be excused by the FELA and not violative of the ethical requirements of Rule 4.2. Yet, while Pratt makes an impressive case for such an interpretation of the effect of the FELA provision, I find the contrary conclusion in Weibrecht v. Southern Illinois Transfer, Inc., 241 F.3d 875 (7th Cir. 2001), to be more persuasive. Weibrecht, a Seventh Circuit decision, appears to be

Get a Document by Citation - 2005 U.S. Dist. LEXIS 565    Page 6 of 7

Case 3:03-cv-12611-MAP    Document 94    Filed 05/31/2005    Page 16 of 17

the first and only Court of Appeals ruling on this issue.

In Weibrecht, the representative of a deckhand who drowned while helping secure a barge to a tug, sued the decedent's employer -- the owner of the vessel -- under the Jones Act. Two days before the scheduled deposition of the tug's pilot, the plaintiff, at the suggestion of his attorney, called the pilot and discussed the plaintiff's theory that at least two deckhands should have been working when the accident occurred: Plaintiff also suggested that **[*9]** the pilot contact his attorney. The next day, the plaintiff's attorney called the pilot and left a message asking him to call back. The attorney said the purpose of the call was to make sure the pilot knew that the time for his deposition had been changed. The defendant moved for sanctions claiming that the two calls violated local ethical Rule 4.2. Plaintiff's counsel contended that the contacts were permissible under FELA § 60 because § 60 superseded Rule 4.2. Plaintiff's counsel argued that because Rule 4.2 might prevent maritime employees from voluntarily providing relevant information about an accident giving rise to a Jones Act action, it is exactly the kind of "rule, regulation, or device" that FELA § 60 declares void. Weibrecht, 241 F.3d at 879. However, the Court of Appeals found **HN5** no "irreconcilable conflict" between FELA § 60 and Rule 4.2, and held that FELA § 60 did not supersede Rule 4.2. Id. at 880.

**HN6** The Seventh Circuit found that FELA § 60 prohibits rules that prevent railroad or maritime employees from furnishing information about a worker's injury or death. Yet "nothing in § 60 necessarily requires", the court said, "that **[*10]** a lawyer be allowed to gather information outside the presence of an employee's attorney." Id. at 880. The court noted that if an employee is represented, Rule 4.2 requires going through the employee's lawyer (who is most likely the company's lawyer) to schedule a deposition or otherwise obtain information. In the court's view, such a requirement did not amount to a rule or device that prevents an employee from furnishing information to a plaintiff's lawyer. Id.

Moreover, according to Weibrecht, if the word "prevent" in FELA § 60 were read to include the "marginal deterrence" imposed by Rule 4.2, then it "would effectively be finding that the FELA and the Jones Act were intended to displace generally applicable ethical rules." Id. The court saw no evidence of such an intent in the language or legislative history of either statute. The court noted that when FELA § 60 was enacted, "the attorney ethical rule against contacting represented parties was an ingrained part of the legal system", and "had Congress wanted § 60 to override such a long-standing rule of legal ethics, it easily could have said explicitly that it was doing so." Id.

The court also **[*11]** rejected the alternative argument that FELA § 60 satisfies Rule 4.2's exception for contacts with represented parties when "otherwise . . . authorized by law." The court stated that **HN7** "FELA § 60, by its terms, does not authorize anything." Id. "Rather, [FELA] § 60 is a prohibition on certain conduct by railroads and maritime employers . . . from enacting rules or regulations that prevent employees from disclosing information to FELA or Jones Act plaintiffs." Id. at 881. The court observed that § 60's reference to a "rule, regulation, or device" "appears to refer only to internal rules and regulations promulgated by employers." Id. The court found that even if FELA § 60 were read more broadly, there is "nothing to suggest that it was designed to authorize conduct that would otherwise violate general ethical rules." Id.

III.

I find the analysis of the Seventh Circuit in Weibrecht to be compelling. Without an expression of Congressional intent to the contrary, it would be unsound to hold that a provision of a federal statute preempts a well-established state rule, especially in light of the fact that the regulation of the ethical conduct of **[*12]** lawyers is inherently within the purview of state courts, and that the provisions of Rule 4.2 are generally applicable in most,

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 5651

Case 3:03-cv-12611-MAP   Document 54   Filed 05/31/2005   Page 17 of 17   Page 7 of 7

if not all, states. See e.g. Collins v. Godfrey, 324 Mass. 574, 87 N.E.2d 838 (1949) ("the judicial department has the ultimate power of general control over the practice of law by its own officers").

Accordingly, I conclude that $^{HN8}$FELA § 60 does not take precedence over Rule 4.2. Because in the instant case the two individuals with whom plaintiff's counsel had *ex parte* contact fall within the ambit of Rule 4.2, it follows that plaintiff's counsel's conduct violated the Rules of Professional Conduct.

However, in light of the Pratt decision, which to date appears to be the only decision in the First Circuit on the issue, here, plaintiff's counsel had a good faith basis to believe that ex parte contact in a Jones Act action is permissible. Accordingly, I decline to impose any sanction upon plaintiff's counsel.

Accordingly, the defendant's motion is GRANTED as conditioned above.

It is so ordered.

Dated: March 30, 2005

Boston, Massachusetts

Morris E. Lasker

U.S.D.J.

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.