# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

ROBERT F. MERCIER,                              :
                                                :
                           Plaintiff            :
                                                :
          v.                                    :
                                                :   Civil Action No. 03-12611-MAP
CSX TRANSPORTATION, INC.,                       :
                                                :
                           Defendant            :

## ORDER

And now, on this _____ day of _____, 2005, after consideration of Defendant's

*Motion in Limine to Admit Collateral Source Evidence on the Issue of Credibility*, and any

response thereto, it is hereby ordered and decreed that Defendant's motion is DENIED.

BY THE COURT

_____
                                    J.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ROBERT F. MERCIER,

              Plaintiff

   v.

CSX TRANSPORTATION, INC.,

              Defendant

Civil Action No. 03-12611-MAP

## PLAINTIFF ROBERT F. MERCIER'S RESPONSE TO DEFENDANT CSX TRANSPORTATION INC.'S MOTION IN LIMINE TO ADMIT COLLATERAL SOURCE EVIDENCE ON THE ISSUE OF CREDIBILITY

The plaintiff, Robert F. Mercier ("Plaintiff"), by and through undersigned counsel, and in response to Defendant's motion in limine to admit collateral source evidence on the issue of credibility, contends that evidence of a party's receipt of collateral source benefits, such as evidence of the receipt of Railroad Retirement Board ("RRB") benefits is inadmissible, and evidence of collateral source benefits received as wages from other employment is inadmissible. In support thereof, Plaintiff states as follows:

## I.    FACTUAL BACKGROUND

Plaintiff was injured on May 20, 2003 while in the course and scope of his employment for defendant as a conductor when a seat on which Plaintiff was sitting in the locomotive collapsed. As a result of his injuries, Plaintiff filed a civil action complaint in this court under the Federal Employees' Liability Act ("FELA"), 45 U.S.C. § 51 et seq. Plaintiff's treating physician, Dr. James Striker, opined in completing a *Certification of Physician or Practitioner* and *Statement of Sickness* that Plaintiff was unable to work in his occupation due to a severe

-1-

muscle sprain of the lumbro-sacral spine from the May 20, 2003 incident. *See* Defendant's Exhibits "B" and "C". During the time that Plaintiff was unable to work as a conductor, Plaintiff was employed by his brother-in-law, who was a siding self-contractor. *See* Defendant's Exhibit "A" at 70. Plaintiff described his job for his brother-in-law as going to get coffee for him, running errands, making sure that he had the right supplies on his job site, taking down measurements, and occasionally handing his brother-in-law pieces of siding; the job requirements did not include climbing a ladder or installing siding. *See* Defendant's Exhibit "A" at 70-80.

## II.   ARGUMENT

### A.   Evidence of the Plaintiff's Receipt of Collateral Source Benefits (RRB Sickness Benefits) Is Not Admissible

A defendant may not introduce evidence that a plaintiff has received compensation on account of his injury from a source other than the defendant. Eichel v. New York Central Railroad Co., 375 U.S. 253, 84 S.Ct. 316, 11 L.Ed.2d 307 (1963). In Eichel, the United States Supreme Court reversed a ruling of the United States Court of Appeals for the Second Circuit, who found that the plaintiff's receipt of RRB disability benefits, although inadmissible to offset or mitigate damages, was admissible to show a motive for the plaintiff not to return to work, and that under Federal Rule of Evidence 403, the potential for prejudice did not outweigh the probative value. In ruling otherwise, the Supreme Court stated that "the likelihood of misuse by the jury clearly outweighs the value of this evidence," Eichel, 375 U.S. at 255, 84 S.Ct. at 317. In particular, the Supreme Court noted that "insofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension." Id.

In subsequent cases, <u>Eichel</u> has been applied not simply as a rule on the admissibility of evidence in a particular case, but as a substantive precept of federal common law and FELA cases. <u>See, e.g., Sheehy v. Southern Pacific Transp. Co.</u>, 631 F.2d 649 (9th Cir. 1980) (<u>Eichel</u> rule makes balancing analysis of Federal Rule of Evidence 403 inapplicable to question of admissibility of evidence of collateral benefits in FELA cases).

However, in the present case, Defendant, citing <u>McGrath v. Consolidated Rail Corp.</u>, 136 F.3d 838 (1st Cir. 1998), argues that courts have carved out exceptions to the collateral source doctrine, and such an exception applies in this case.  In <u>McGrath</u>, the defendant offered the evidence of McGrath's disability payments on the issue of his credibility, specifically, to show McGrath's lack of motivation for returning to work.  The court, citing other cases where collateral source evidence was allowed, and after applying a Rule 403 balancing, permitted the evidence of McGrath's disability payments as to the issue of his alleged malingering.

In light of <u>McGrath</u>, Defendant attempts to argue that there is ample evidence of malingering in this case to allow as evidence Plaintiff's receipt of RRB sickness benefits. However, the evidence in this case belies this argument.  Plaintiff has stated that as a result of the injuries sustained in the May 20, 2003 accident, he suffered wage loss totaling $33,448.00.  *See* Plaintiff's Answers to Defendant's Interrogatories, Question & Answer No. 11, a copy of which is attached hereto as Plaintiff's Exhibit "A".  Assuming <u>arguendo</u> that Plaintiff received RRB disability benefits in the amount of $150.00 per month during this time (totaling $4,950.00), Plaintiff's absence from work would result in a loss of income of $28,498.00.  Plaintiff's purported malingering is further belied by the evidence elicited by Defendant at Plaintiff's deposition that his loss of income from being out of work contributed to him losing his house,

inability to survive, live and eat on $150.00 per month, and losing his car because he was behind in payments.[1]

Based on the foregoing evidence, Defendant cannot argue that Plaintiff's receipt of RRB sickness benefits, in light of what Plaintiff would have earned if not injured, and Plaintiff's difficult financial situation, should be permitted to show "malingering" or a lack of motivation to return to work. Instead, the Court, if inclined to follow McGrath, should apply a Rule 403 balancing test and conclude that the unfair prejudice of the collateral source evidence clearly outweighs the probative value. If Defendant wants to pursue a defense that Plaintiff was malingering, there may be other evidence having more probative value and involving less likelihood of prejudice than the receipt of a disability pension. See Eichel, supra.

Moreover, in support of its argument, Defendant cites Massachusetts non-FELA cases to contend that collateral source evidence admitted in this federal case. As previously stated, the collateral source rule under the FELA is a substantive precept of federal common law, and not a rule of evidence. Thus, the application of the collateral source doctrine in non-FELA cases in Massachusetts state court is inapplicable to the present case.

**B.      Plaintiff's RRB Claim, and Documents Associated Therewith, Are Not Admissible As Evidence Against Plaintiff's Claims and Not Admissible to Impeach Plaintiff's Credibility**

Under Federal Rule of Evidence 402, all relevant evidence is admissible, except as otherwise provided by the United States Constitution, by act of Congress, by the Federal Rules of Evidence, or by other rules prescribed by the United States Supreme Court pursuant to statutory

---

[1]The argument that collateral source benefits should be admitted to demonstrate Plaintiff's malingering is further belied by Plaintiff's working for C&N Contractors while unable to work his regular job on the railroad, but still earning less than if working for the railroad.

authority; evidence which is not relevant is not admissible. Under Federal Rule of Evidence 403, evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In the present case, Defendant argues that Plaintiff's RRB claim, and documents associated therewith, is admissible to impeach Plaintiff's credibility. In support thereof, Defendant can only cite Massachusetts state law to contend that the evidence should be allowed. As previously stated, Plaintiff's claim is in federal court under the FELA, and as such, Massachusetts substantive law is inapplicable.[2]

In addition, Defendant argues that Plaintiff's receipt of RRB benefits, and documents associated therewith, are admissible under Federal Rule of Evidence 404(b) to prove motive, opportunity, intent, preparation, plan and knowledge. However, Federal Rule of Evidence 404(b) applies only in criminal cases. See Fed. R. Evid. 404(b) ("Evidence of other crimes, wrongs or acts . . . may, however, be admissible for . . . purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . . "). Thus, Defendant's reliance on Rule 404(b) is inapplicable to the present case.

---

[2]Without more, Plaintiff's receipt of RRB sickness benefits while working for C&N Contractors is not inconsistent with the RRB *Statement of Sickness* (Defendant's Exhibit "C"), and not inconsistent with Plaintiff's ability to work for C&N Contractors, for Dr. Striker opined that Plaintiff was unable to resume work **in his or her occupation**. Given this evidence, Plaintiff's credibility cannot be impeached on this issue.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests that Defendant's *Motion in Limine to Admit Collateral Source Evidence on the Issue of Credibility* be denied.

Respectfully submitted,

BARISH LAW OFFICES, P.C.

By: _____

RUDOLPH V. DE GEORGE, II, ESQUIRE
ATTORNEY FOR PLAINTIFF
Barish Law Offices, P.C.
Three Parkway, Suite 1320
1601 Cherry Street
Philadelphia, PA 19102
(215) 923-8900

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ROBERT F. MERCIER               :

        Plaintiff,           :

                           :    Case Number: 03 12611 JLT

        v.                 :

                           :

CSX TRANSPORTATION, INC.,    :

                           :

        Defendant        :    <u>JURY TRIAL DEMANDED</u>

## PLAINTIFF'S ANSWERS TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party and attorney, unless privileged. The word usage and sentence structure may be that of the attorney assisting in the preparation of the answers and, thus does not necessarily purport to be the precise language of the executing party.

1.    Robert F. Mercier, 71 Petrified Gardens Road, Saratoga Springs, NY 12866. 8/15/1950
      Conductor with CSX, 1 Bell Crossing, Selkirk, NY. 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.

2.    I was sitting on the seat on the engine, when I went to turn the knob to recline the seat back, it went straight back and fell to the floor and I landed on top of his work bag.

3.    CSX Transportation, Inc., Kevin M. O'Toole.

4.    D.G. Viershilling, Engineer, CSX.
      S.T. Cowles, UTU Representative.

6.    Lower back pain, cannot stand for more than 20 minutes without severe pain, have severe pain shooting down my leg; also, see attached medical records, reports and bills. I have not recovered fully, not sure when recovery is going to be complete.

7.    Dr. Steve Foley, Chiropractor, Church Street, Saratoga Springs, NY 12866. $15.00 co-pay per visit, re-adjusts spine.

8.    No, I was not confined to any facility.

9.    No, I was not confined to bed as a result of the accident.

10.    No, I am not required to wear any support.

11.    5-20-03 - 6-9-03; 6-29-03 to 3-1-04; wage loss $33,448.00 (37 weeks at $904.00 per week).

12.    I lost my car and my trailer because of being out of work. I could not make payments. I do not know amount owed. Trailer - $310.00 a month, lot rent payment.

13.    Defendant knew or should have known of the existence of the broken seat.

14.    I feel that my injury was a result of a defect in the seat's mechanism.

15.    I feel that the seat on the engine was not safe. There are always things that are broken on the engines.

16.    See answer to number 15 above.

17.    I am a member of the UTU Union.

18.    All treating physicians, see attached medical records, reports and bills; liability expert to be determined.

19.    I am limited as to what I can do. When I am sitting on the engine for so long I have the back pain.

20.    No, I never applied for a disability benefit. I was receiving my wages from Railroad Retirement for being hurt.

21.    None.

22.    Not applicable.

23.    Not applicable.

24.    They should have inspected all the things on the engine to make sure they were up to standard; also see complaint.

25.    Not applicable.

BARISH LAW OFFICES, P.C.

By: _____

RUDOLPH V. DeGEORGE, II, ESQUIRE

Attorney for Plaintiff

of counsel

Ronald M. Davids
DAVIDS & SCHLESINGER
40 Washington Street
Suite 250
Wellesley, MA 02481

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

Plaintiff's Interrogatories Addressed to Defendant was served by first-class mail, postage

prepaid, upon:

Richard A. Davidson, Jr.,Esquire
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169

on this ___7___ day of _____SEPT_____, 2004.

BARISH LAW OFFICES, P.C.

By: _____

RUDOLPH V. DeGEORGE, II, ESQUIRE

# EXHIBIT B

# FLYNN & ASSOCIATES, P.C.

### ATTORNEYS AT LAW

189 STATE STREET
SIXTH FLOOR
BOSTON, MASSACHUSETTS 02109
TELEPHONE (617) 722-8253
FACSIMILE (617) 722-8254
E-MAIL: flynnlaw@flynnassoc.com

MICHAEL B. FLYNN*
RICHARD A. DAVIDSON, JR.
LORI A. MCCARTHY*
JOHN E. YOUNG, IV
BETHANY M. MACHACEK

*also admitted in NY
¹also admitted in CT

OF COUNSEL:
DURKIN, MCDONNELL, CLINTON,
& O'DONNELL

DETROIT OFFICE:
PENOBSCOT BUILDING
645 GRISWOLD STREET
St[ ]TE 3253
DETROIT, MICHIGAN 48226
TELEPHON (313) 963-3033
FACSIMILE (313) 963-3011

January 28, 2004

**SENT VIA 1ˢᵀ CLASS U.S. MAIL
& FACSIMILE: (215) 351-0593**

Steven M. Lafferty, Esq.
Barish Law Offices, P.C.
Three Parkway, Suite 1320
1601 Cherry Street
Philadelphia, PA 19102

RE:     ROBERT F. MERCIER v. CSX TRANSPORTATION, INC.
        U.S. District Court, C.A. No.: 03 12611 JLT

Dear Mr. Lafferty:

This letter is being sent to follow-up my recent telephone messages left at your of[ ]ce wherein I have been attempting to discharge my obligations pursuant to L.R. 7.1.

We have been retained to represent CSX Transportation, Inc. ("CSX") concerning your client's claims in the above-captioned matter. CSX desires to transfer this action from the Eastern Division to the Western Division of the District of Massachusetts given that CSX['s] claims office is located in Easthampton, MA, that most of its records and witnesses will b[e] coming from Selkirk, NY, and your client and his treating physicians are from eastern Ne[w] York. A draft motion to transfer the case is included herein for your review. The motion [c]learly would benefit both parties during discovery and at trial.

Kindly advise me whether or not your client will be opposing the motion to transfe[r]. If your client will not be opposing the motion will you kindly advise me whether or not he w[o]uld assent to the transfer the matter. Your prompt response to the foregoing will be appreciate[d]. If I do not hear from you by close of business this date, then I will file the motion with the cou[rt].

Steven M. Lafferty, Esq.
January 28, 2004
Page 2

tomorrow morning with a certificate containing information as to my efforts and attempts to contact you to discuss same.

    I look forward to speaking with you concerning this matter.

            Sincerely,

            Richard A. Davidson, Jr.

pc:    Rebecca E. Savoie
       Michael B. Flynn, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT F. MERCIER,
Plaintiff,

v.

CSX TRANSPORTATION, INC.,
Defendant.

Case Number:  03 12611 JLT

## MOTION TO TRANSFER ACTION TO THE WESTERN DIVISION

The defendant, CSX Transportation, Inc. ("CSX"), hereby moves, pursuant to L. R. 40.1(F), that this Honorable Court transfer this action to the Western Division.

As grounds therefore, the defendant states as follows:

1.      CSX maintains a General Claims Office located in Easthampton, MA, which is located in Hampshire County and within the jurisdiction of the Western Division. *See*; L.R. 40.1(C)(3).

2.      CSX maintains no other General Claims Office within the District of Massachusetts.

3.      Plaintiff, Robert F. Mercier ("Mercier"), is a resident of Saratoga Springs,  NY.

4.      Saratoga Springs, NY is located nearest to the Western Division of the District of Massachusetts than any other division.

5.      Upon information and belief, CSX states that all of Mercier's treating physicians and witnesses are located in the State of New York in or near Selkirk, Albany, and/or Clifton Park, and these cities are located nearest to the Western Division than to any other division of the District of Massachusetts; therefore, it would be most convenient to the plaintiff and his witnesses that the case be transferred to the Western Division.

6.    CSX states that it would be convenient to its witnesses and expedite the discovery of this action that the action be transferred to the Western Division as most of its witnesses and records, which are necessary to defend this action, are located in or near Selkirk, NY.

7.    On his Category Sheet, filed with the *Complaint*, Mercier correctly identified, at ¶ 7, that that CSX's General Claims Office was located in the Western Division. *See:* Category *Sheet*, a copy of which is attached hereto as Exhibit "A."

8.    The interests of justice would be best served by the allowance of this motion.

9.    CSX states that the foregoing demonstrates good cause and the within motion should be allowed in the interest of judicial economy and convenience of the parties.

WHEREFORE, CSX Transportation, Inc. requests that this matter be transferred to the Western Division of the District of Massachusetts.

## REQUEST FOR HEARING

In accordance with Local Rule 7.1(D), the defendant believes that oral argument may assist the court and wishes to be heard and therefore requests that the court schedule a hearing on the within motion.

Respectfully submitted,
CSX TRANSPORTATION, INC.,
by its attorneys,

Michael B. Flynn          BBO # 59023
Richard A. Davidson, Jr.    BBO # 52988
FLYNN & ASSOCIATES, P.C.
189 State Street
Sixth Floor
Boston, MA 02109
(617) 722-8253

Dated: January 28, 2004

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN CLERKS OFFICE

**COPY**

ROBERT MERCIER
71 Petrified Gardens Road
Saratoga Springs, NY 18266

          **Plaintiff,**

      **v.**

CSX TRANSPORTATION
116 Pleasant Street
Easthampton, MA 01027

2004 DEC 29  P 12: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

**03  12611 JI**

)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL ACTION NO.**

## COMPLAINT

    COMES NOW the plaintiff, Robert Mercier, by and through the undersigned counsel, Mario Bozza, Esq and Barish Law Offices, P.C., and claims of the defendant, CSX Transportation, an amount in excess of the statutory arbitration limits, and avers the following:

1.    Plaintiff, Robert Mercier is an adult individual residing at 71 Petrified Gardens Road, Saratago Springs, NY 18266.

2.    Defendant, CSX Transportation, its predecessors, subsidiaries, agents, servants and employees, at all time pertinent in the past, is a domestic corporation engaged in the business of a common carrier by railroad in interstate commerce. At all relevant times, the Defendant and/or Defendant's predecessors in interest was regularly and systematically conducting its business activities and affairs within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and was engaged in interstate commerce and transportation.

3.     At all times material hereto and for some time prior thereto, plaintiff was in the employ of defendant as an engineer in its business of interstate commerce and transportation by railroad.

4.     This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§51, et seq. (1908) and the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., recodified in 49 U.S.C.A. §§ 20301, et seq., and Locomotive Boiler Inspection Act, 45 U.S.C.A. §§ 23, et seq., recodified in 49 U.S.C.A. §§ 20702, et seq.

5.     At all times material hereto, and for a significant and prolonged period of time prior thereto, plaintiff was working in the course and scope of his employment as a conductor at the defendant's train Q11920 traveling in or about Grafton, Massachusetts.

6.     On or about May 20, 2003, while working aboard defendant's train traveling from Boston, Massachusetts to Selkirk, New York, and while on a locomotive in the course and scope of his employment, plaintiff was caused to suffer severe personal injuries when the seat and/or chair gave way and/or collapsed at or near Grafton, Massachusetts.

7.     Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

(a)     failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to maintain the subject locomotive and/or the subject seat, chair and/or other appurtenance in a reasonable safe condition;

(b)    failing to properly maintain, inspect and repair such seat, chair and/or other appurtenance which plaintiff was required to use in the course and scope of his employment to ensure that same were reasonably safe to use and in good working condition;

(c )    failing to warn plaintiff of the hazardous and/or dangerous condition of the work area, including but not limited to the subject locomotive and/or its subject seat, chair and/or other appurtenance which was defective.

(d)    failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject locomotive and/or its locomotive seat, chair or other appurtenance, when defendant knew or should have known that said conditions existed.

(e)    failing to use ordinary care to service and/or maintain the subject locomotive and/or its locomotive seat, chair or other appurtenance in a reasonable safe condition and free from hazards putting the plaintiff at a risk of harm.

(f)    failing to use ordinary care to properly inspect the subject locomotive to ensure that same was in a reasonable safe condition;

(g)    failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance , operation and/or use of the subject locomotive and/or its locomotive seat, chair and/or other appurtenance;

(h)    failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions involving the locomotive and/or its locomotive seat, chair or other appurtenance, as more fully described above; and

(i)    failing to provide plaintiff with proper tools and equipment to perform his job without risk of injury.

9.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his back by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

10.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

11.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

12.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

13.    The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and employees and/or its

ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff, Robert Mercier, demands judgment in his favor and against defendant CSX Transportation in an amount in excess of the statutory arbitration limits as compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

Dated:    *12-15-03*

By: *Mario Bozza*
Mario Bozza, Esq.
BBO: 052860
63 Commercial Wharf
Boston, MA 02110
617-367-3100

Of Counsel:

By
Adam D. Wilf, Esq.
BARISH LAW OFFICES, P.C.
1601 Cherry Street
Three Parkway – 13th Floor
Philadelphia, PA 19102

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)_____

   **Robert Mercier v. CSX Transportation**

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See
   local rule 40.1(a)(1)).

   [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   [X]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   [ ]  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.    150, 152, 153.

FILED
CLERKS OFFICE

2003 DEC 29  P 12: 27

*Also complete AO 120 or AO 121
for patent, trademark or copyright cases

U.S. DISTRICT COURT
DISTRICT OF MASS.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
   this district please indicate the title and number of the first filed case in this court.

   **N/A**

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]    NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
   28 USC §2403)

   YES [ ]    NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]    NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]    NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
   40.1(d)).

   YES [ ]    NO [X]

   A.  If yes, in which division do all of the non-governmental parties reside?

      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
      agencies, residing in Massachusetts reside?

      Eastern Division [ ]    Central Division [ ]    Western Division [X]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
   yes, submit a separate sheet identifying the motions)

   YES [ ]    NO [X]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  _Mario Bozza_____    _Adam D Wilf_____

ADDRESS  _63 Commercial Wharf_____    _1601 Cherry St, Suite 1325_
         _Boston MA 02110_____    _Philadelphia PA 19102____

TELEPHONE NO.  _617 - 367 - 3100_____

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Robert Mercier

**DEFENDANTS**

CSX Transportation

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

*FILED IN CLERKS OFFICE*
*2003 DEC 29 P 12: 27*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

(c) Attorney's (Firm Name, Address, and Telephone Number)
Adam D. Wolf, Esq.
BARISH LAW OFFICES
1801 Cherry St., 13th Fl.
Philadelphia PA 19102
215-923-8900

Mario Bozza, Esq
63 Commercial Wharf
Boston, MA 02110
617-367-3100

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☒ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans' Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Employers' Liability Act, 45 U.S.C.A. §§51, et seq., Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., recodified in 49 U.S.C.A. §§20301, et seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

None

JUDGE _____

DOCKET NUMBER _____

DATE 12-15-03

SIGNATURE OF ATTORNEY OF RECORD *Mario Bozza*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____