## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ROBERT F. MERCIER,                          :
                                            :
                        Plaintiff           :
                                            :
        v.                                  :
                                            :        Civil Action No. 03-12611-MAP
CSX TRANSPORTATION, INC.,                    :
                                            :
                        Defendant           :

### ORDER

And now, on this _____ day of _____, 2005, after consideration of Defendant's

*Motion in Limine to Exclude the Testimony of David Vierschilling in its Entirety and/or to*

*Exclude Mr. Vierschilling's Hearsay Statements,* and any response thereto, it is hereby ordered

and decreed that Defendant's motion is DENIED.


                        BY THE COURT


                        _____
                                                      J.

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

ROBERT F. MERCIER,                                :
                                                  :
                          Plaintiff               :
                                                  :
         v.                                       :
                                                  :        Civil Action No. 03-12611-MAP
CSX TRANSPORTATION, INC.,                          :
                                                  :
                          Defendant               :

**PLAINTIFF ROBERT F. MERCIER'S RESPONSE TO DEFENDANT CSX
TRANSPORTATION INC.'S MOTION IN LIMINE TO EXCLUDE THE
TESTIMONY OF DAVID VIERSCHILLING IN ITS ENTIRETY AND/OR TO
EXCLUDE MR. VIERSCHILLING'S HEARSAY STATEMENTS**

The plaintiff, Robert F. Mercier ("Plaintiff"), by and through undersigned counsel, and in

response to Defendant CSX Transportation, Inc.'s ("Defendant") motion in limine to exclude the

testimony of David Vierschilling in its entirety and/or to exclude Mr. Vierschilling's hearsay

statements, avers as follows:

## I.    **FACTUAL BACKGROUND**

In response to Plaintiff's request for production of documents, Defendant produced a

statement from David Vierschilling.  Plaintiff identified Mr. Vierschilling as the engineer in the

locomotive with him when the accident occurred.  Although difficult to read, the signed

statement purports to say the following: "Mr. Mercier was leaning back when a noise was heard

from his chair.  Mr. Mercier was laying back in chair flat and I [...] to help him up.  I asked what

happened and he said the chair went back by itself."  From this statement, Defendant has

concluded that Mr. Vierschilling will testify that he did not witness the incident involving

Plaintiff, due to the fact that he was busy operating the engine, and that the only information he

-1-

has concerning the happening of the incident comes from what Plaintiff told him occurred. [1] Thus, Defendant contends that Plaintiff should be precluded from presenting the hearsay testimony of Vierschilling.

Moreover, Defendant contends that any admissible testimony provided by Vierschilling should be precluded because of an alleged ex parte written statement secured by Plaintiff's counsel on or about September 6, 2003. Plaintiff filed a civil action complaint against Defendant on December 29, 2003 (a copy of which is attached hereto as Plaintiff's Exhibit "C").[2]

## II.    LEGAL ARGUMENT

### A.    Vierschilling's Testimony Is Not Inadmissible Hearsay

Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Generally, hearsay is not admissible except as provided by the Federal Rules of Evidence or by other rules prescribed by the United States Supreme Court pursuant to statutory authority or by act of Congress. However, Fed. R. Evid. 803 sets forth twenty-four (24) exceptions to the hearsay rule that may be invoked without regard to the availability of the declarant. Fed. R. Evid. 803(1) creates an exception for statements describing or explaining an event or condition, if made while the speaker was perceiving it, or immediately thereafter. See Nuttal v. Reading Co., 235 F.2d 546 (3d Cir. 1956) (statements "made substantially at the time the event they describe was perceived" were "free from the possibility of lapse of memory," and contemporaneousness

---

[1] Defendant never took Mr. Vierschilling's deposition.

[2] The Complaint was erroneously time-stamped (December 29, 2004). As evidenced by the Complaint, the case was assigned a 2003 civil action number. Counsel for Plaintiff received a letter of representation from counsel for Defendant on or about January 28, 2004. (A copy of said letter is attached hereto as Plaintiff's Exhibit "B".)

"lessens the likelihood of conscious misrepresentation"). The exception has three (3) requirements. First, the statement must be contemporaneous with the event or condition—that is, made while the speaker perceives it or immediately thereafter. In most cases where the exception is invoked, the statement was clearly made during those moments when the speaker was perceiving the event or condition. Bennett v. National Transp. Safety Board, 66 F.3d 1130 (10th Cir. 1995). Second, the speaker must have perceived the event or condition; perceiving almost always means seeing, but embraces hearing and other forms of sensory perception too. See Nutall, supra. Third, the statement must describe or explain the event or occurrence perceived. See Makuc v. American Honda Motor Co., 835 F.2d 389 (1st Cir. 1987).

In addition, Fed. R. Evid. 803(2) creates an exception for a statement by someone speaking under the stress of excitement, expressing his reaction relating to the causal event or condition. The stimulus leaves the speaker momentarily incapable of fabrication, and his memory is fresh because the impression has not yet passed from his mind. See Ferrier v. Duckworth, 902 F.2d 545 (7th Cir. 1990). There are three (3) requirements – an external stimulus, an excited reaction, and a statement that relates to the stimulus; in practice, these elements tend to merge. See David v. Pueblo Supermarket of St. Thomas, 740 F.2d 230 (3d Cir. 1984). In accident cases resulting in physical injury, statements by the injured party describing the event are usually admitted. See McCurdy v. Greyhound Corp., 346 F.2d 224 (3d Cir. 1965).

Based on the foregoing, Plaintiff submits that his statement to Vierschilling that the chair went back by itself is admissible hearsay under both the present sense impression and excited utterance exceptions. The statement is contemporaneous with the event or condition, which was perceived by Plaintiff, and explained the event or occurrence perceived; as such, the statement is a present sense impression. Moreover, the statement was an excited reaction based on the

-3-

surprise and suddenness of the stimulus, was related to the stimulus, and occurred at the time of the event; thus, the statement was an excited utterance.

Under both the present sense impression and excited utterance exceptions, under Fed. R. Evid. 803, Vierschilling's anticipated testimony as to Plaintiff's statement that the chair went back by itself is admissible.

### B.    Vierschilling's September 6, 2003 Statement is Admissible

Defendant argues in the alternative that Vierschilling's September 6, 2003 statement acquired by Plaintiff's counsel should be excluded.  Specifically, Defendant alleges that this statement was acquired in violation of Mass. R. Prof. Cond. 4.2, and further that such communications are not permitted under 45 U.S.C. § 60.  In support thereof, Defendant supplies the case of Groppo v. Zappa, Inc., 2005 U.S. Dist. LEXIS 5651 (D. Mass. March 30, 2005).  In Groppo, issued as a memorandum opinion, the plaintiff brought suit against the defendant for, inter alia, negligence under the Jones Act.  Prior to the deposition of Salvatore Zappa, the president of defendant corporation, plaintiff's counsel met with and obtained the written affidavit from Salvatore Napoli, an employee of defendant and the crew member alleged to have inflicted the injury at issue.  In addition, plaintiff's counsel's meeting with Mr. Napoli was also without the knowledge or consent of defense counsel.  This Court, citing Mass R. Prof. Cond. 4.2, concluded that plaintiff's counsel's conduct violated the Rules of Professional Conduct, but declined to impose any sanction.

However, the circumstances in Groppo are inapposite to the present case.  Mass. R. Prof. Cond. 4.2 requires that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do

-4-

so." In the present case, Vierschilling was not represented by a lawyer when the statement was taken on September 6, 2003. Further, the Massachusetts Supreme Judicial Court has ruled that in the context of organizational entities (such as Defendant), only certain kinds of current employees properly fall within the prohibitions of Mass. R. Prof. Cond. 4.2; those agents or employees (1) who exercise managerial responsibility in the matter, (2) who are alleged to have committed the wrongful acts at issue in the litigation, or (3) who have authority on behalf of the organization to make decisions about the course of litigation. Groppo, citing Clark v. Beverly Health & Rehab Svcs., Inc., 440 Mass. 270, 797 N.E.2d 905 (2003). Even assuming arguendo that Vierschilling was represented by counsel on September 6, 2003 when the statement was taken, he did not exercise managerial responsibility in this case, is not alleged to have committed the wrongful act at issue in the litigation, and does not have authority on behalf of the organization to make decisions about the course of the litigation in this case. Thus, in the present case, Plaintiff's counsel has not violated Mass. R. Prof. Cond. 4.2, and, thus, preclusion of Vierschilling's statement is not warranted.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that Defendant's *Motion in Limine to Exclude the Testimony of David Vierschilling in its Entirety and/or to Exclude Mr. Vierschilling's Hearsay Statements* be denied.

Respectfully submitted,

BARISH LAW OFFICES, P.C.

By: _____
RUDOLPH V. DE GEORGE, II, ESQUIRE
ATTORNEY FOR PLAINTIFF
Barish Law Offices, P.C.
Three Parkway, Suite 1320 / 1601 Cherry St.
Philadelphia, PA 19102
(215) 923-8900

-5-

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ROBERT F. MERCIER                    :

           Plaintiff,            :

                      :    Case Number: 03 12611 JLT

          v.                  :

CSX TRANSPORTATION, INC.,            :

           Defendant            :    <u>JURY TRIAL DEMANDED</u>

## PLAINTIFF'S ANSWERS TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party and attorney, unless privileged. The word usage and sentence structure may be that of the attorney assisting in the preparation of the answers and, thus does not necessarily purport to be the precise language of the executing party.

1.    Robert F. Mercier, 71 Petrified Gardens Road, Saratoga Springs, NY 12866.
8/15/1950
Conductor with CSX, 1 Bell Crossing, Selkirk, NY. 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.

2.    I was sitting on the seat on the engine, when I went to turn the knob to recline the seat back, it went straight back and fell to the floor and I landed on top of his work bag.

3.    CSX Transportation, Inc., Kevin M. O'Toole.

4.    D.G. Viershilling, Engineer, CSX.
S.T. Cowles, UTU Representative.

6.    Lower back pain, cannot stand for more than 20 minutes without severe pain, have severe pain shooting down my leg; also, see attached medical records, reports and bills. I have not recovered fully, not sure when recovery is going to be complete.

7.    Dr. Steve Foley, Chiropractor, Church Street, Saratoga Springs, NY 12866. $15.00 co-pay per visit, re-adjusts spine.

8.    No, I was not confined to any facility.

9.    No, I was not confined to bed as a result of the accident.

10.    No, I am not required to wear any support.

11.    5-20-03 - 6-9-03; 6-29-03 to 3-1-04; wage loss $33,448.00 (37 weeks at $904.00 per week).

12.    I lost my car and my trailer because of being out of work. I could not make payments. I do not know amount owed. Trailer - $310.00 a month, lot rent payment.

13.    Defendant knew or should have known of the existence of the broken seat.

14.    I feel that my injury was a result of a defect in the seat's mechanism.

15.    I feel that the seat on the engine was not safe. There are always things that are broken on the engines.

16.    See answer to number 15 above.

17.    I am a member of the UTU Union.

18.    All treating physicians, see attached medical records, reports and bills; liability expert to be determined.

19.    I am limited as to what I can do. When I am sitting on the engine for so long I have the back pain.

20.    No, I never applied for a disability benefit. I was receiving my wages from Railroad Retirement for being hurt.

21.    None.

22.    Not applicable.

23.    Not applicable.

24.    They should have inspected all the things on the engine to make sure they were up to standard; also see complaint.

25.    Not applicable.

BARISH LAW OFFICES, P.C.

By: _____
RUDOLPH V. DeGEORGE, II, ESQUIRE
Attorney for Plaintiff

of counsel

Ronald M. Davids
DAVIDS & SCHLESINGER
40 Washington Street
Suite 250
Wellesley, MA 02481

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

Plaintiff's Interrogatories Addressed to Defendant was served by first-class mail, postage

prepaid, upon:

Richard A. Davidson, Jr.,Esquire
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169

on this ___7___ day of ___SEPT___, 2004.

BARISH LAW OFFICES, P.C.

By: _____
RUDOLPH V. DeGEORGE, II, ESQUIRE

# EXHIBIT B

# FLYNN & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

189 STATE STREET
SIXTH FLOOR
BOSTON, MASSACHUSETTS 02109
TELEPHONE (617) 722-8253
FACSIMILE (617) 722-8254
E-MAIL: flynnlaw@flynnassoc.com

MICHAEL B. FLYNN*
RICHARD A. DAVIDSON, JR.
LORI A. MCCARTHY†
JOHN E. YOUNG, IV
BETHANY M. MACHACEK

*also admitted in NY
†also admitted in CT

OF COUNSEL:
DURKIN, MCDONNELL, CLIFTON,
& O'DONNELL

DETR IT OFFICE:
PENOBS OT BUILDING
645 GR WOLD STREET
St TE 3253
DETROIT, ICHIGAN 48226
TELEPHON (313) 963-3033
FACSIMILE (313) 963-3011

January 28, 2004

**SENT VIA 1ST CLASS U.S. MAIL
& FACSIMILE: (215) 351-0593**

Steven M. Lafferty, Esq.
Barish Law Offices, P.C.
Three Parkway, Suite 1320
1601 Cherry Street
Philadelphia, PA 19102


RE:     ROBERT F. MERCIER v. CSX TRANSPORTATION, INC.
        U.S. District Court, C.A. No.: 03 12611 JLT


Dear Mr. Lafferty:

        This letter is being sent to follow-up my recent telephone messages left at your of ce wherein I have been attempting to discharge my obligations pursuant to L.R. 7.1.

        We have been retained to represent CSX Transportation, Inc. ("CSX") concerning your client's claims in the above-captioned matter. CSX desires to transfer this action from the Eastern Division to the Western Division of the District of Massachusetts given that CSX claims office is located in Easthampton, MA, that most of its records and witnesses will b coming from Selkirk, NY, and your client and his treating physicians are from eastern Ne York. A draft motion to transfer the case is included herein for your review. The motion learly would benefit both parties during discovery and at trial.

        Kindly advise me whether or not your client will be opposing the motion to transfe If your client will not be opposing the motion will you kindly advise me whether or not he w uld assent to the transfer the matter. Your prompt response to the foregoing will be appreciate . If I do not hear from you by close of business this date, then I will file the motion with the cou :

Steven M. Lafferty, Esq.
January 28, 2004
Page 2

tomorrow morning with a certificate containing information as to my efforts and attempts to contact you to discuss same.

I look forward to speaking with you concerning this matter.

Sincerely,

Richard A. Davidson, Jr.

pc:    Rebecca E. Savoie
       Michael B. Flynn, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT F. MERCIER,
Plaintiff,

v.

CSX TRANSPORTATION, INC.,
Defendant.

Case Number: 03 12611 JLT

## MOTION TO TRANSFER ACTION TO THE WESTERN DIVISION

The defendant, CSX Transportation, Inc. ("CSX"), hereby moves, pursuant to L. R. 40.1(F), that this Honorable Court transfer this action to the Western Division.

As grounds therefore, the defendant states as follows:

1.     CSX maintains a General Claims Office located in Easthampton, MA, which is located in Hampshire County and within the jurisdiction of the Western Division. *See* L R. 40.1(C)(3).

2.     CSX maintains no other General Claims Office within the District of Massachusetts.

3.     Plaintiff, Robert F. Mercier ("Mercier"), is a resident of Saratoga Springs, NY.

4.     Saratoga Springs, NY is located nearest to the Western Division of the District of Massachusetts than any other division.

5.     Upon information and belief, CSX states that all of Mercier's treating physicians and witnesses are located in the State of New York in or near Selkirk, Albany, and/or Clifton Park, and these cities are located nearest to the Western Division than to any other division of the District of Massachusetts; therefore, it would be most convenient to the plaintiff and his witnesses that the case be transferred to the Western Division.

6.    CSX states that it would be convenient to its witnesses and expedite the discovery of this action that the action be transferred to the Western Division as most of its witnesses and records, which are necessary to defend this action, are located in or near Selkirk, NY.

7.    On his Category Sheet, filed with the *Complaint*, Mercier correctly identified, at ¶ 7, that that CSX's General Claims Office was located in the Western Division. *See* Category *Sheet*, a copy of which is attached hereto as Exhibit "A."

8.    The interests of justice would be best served by the allowance of this motion.

9.    CSX states that the foregoing demonstrates good cause and the within motion should be allowed in the interest of judicial economy and convenience of the parties.

WHEREFORE, CSX Transportation, Inc. requests that this matter be transferred to the Western Division of the District of Massachusetts.

## REQUEST FOR HEARING

In accordance with Local Rule 7.1(D), the defendant believes that oral argument may assist the court and wishes to be heard and therefore requests that the court schedule a hearing on the within motion.

Respectfully submitted,
CSX TRANSPORTATION, INC.,
by its attorneys,

Michael B. Flynn            BBO # 59023
Richard A. Davidson, Jr.    BBO # 52988
FLYNN & ASSOCIATES, P.C.
189 State Street
Sixth Floor
Boston, MA 02109
(617) 722-8253

Dated: January 28, 2004

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN CLERKS OFFICE

COPY

ROBERT MERCIER
71 Petrified Gardens Road
Saratoga Springs, NY 18266

2004 DEC 29  P 12: 43

Plaintiff,

v.

U.S. DISTRICT COURT
DISTRICT OF MASS.

03  12611 JL

CSX TRANSPORTATION
116 Pleasant Street
Easthampton, MA 01027

)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO.

## COMPLAINT

.COMES NOW the plaintiff, Robert Mercier, by and through the undersigned counsel, Mario Bozza, Esq and Barish Law Offices, .P.C., and claims of the defendant, CSX Transportation, an amount in excess of the statutory arbitration limits, and avers the following:

1.    Plaintiff, Robert Mercier is an adult individual residing at 71 Petrified Gardens Road, Saratago Springs, NY 18266.

2.    Defendant, CSX Transportation, its predecessors, subsidiaries, agents, servants and employees, at all time pertinent in the past, is a domestic corporation engaged in the business of a common carrier by railroad in interstate commerce. At all relevant times, the Defendant and/or Defendant's predecessors in interest was regularly and systematically conducting its business activities and affairs within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and was engaged in interstate commerce and transportation.

3.     At all times material hereto and for some time prior thereto, plaintiff was in the employ of defendant as an engineer in its business of interstate commerce and transportation by railroad.

4.     This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§51, et seq. (1908) and the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., recodified in 49 U.S.C.A. §§ 20301, et seq., and Locomotive Boiler Inspection Act, 45 U.S.C.A. §§ 23, et seq., recodified in 49 U.S.C.A. §§ 20702, et seq.

5.     At all times material hereto, and for a significant and prolonged period of time prior thereto, plaintiff was working in the course and scope of his employment as a conductor at the defendant's train Q11920 traveling in or about Grafton, Massachusetts.

6.     On or about May 20, 2003, while working aboard defendant's train traveling from Boston, Massachusetts to Selkirk, New York, and while on a locomotive in the course and scope of his employment, plaintiff was caused to suffer severe personal injuries when the seat and/or chair gave way and/or collapsed at or near Grafton, Massachusetts.

7.     Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

(a)     failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to maintain the subject locomotive and/or the subject seat, chair and/or other appurtenance in a reasonable safe condition;

(b)    failing to properly maintain, inspect and repair such seat, chair and/or other appurtenance which plaintiff was required to use in the course and scope of his employment to ensure that same were reasonably safe to use and in good working condition;

(c)    failing to warn plaintiff of the hazardous and/or dangerous condition of the work area, including but not limited to the subject locomotive and/or its subject seat, chair and/or other appurtenance which was defective.

(d)    failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject locomotive and/or its locomotive seat, chair or other appurtenance, when defendant knew or should have known that said conditions existed.

(e)    failing to use ordinary care to service and/or maintain the subject locomotive and/or its locomotive seat, chair or other appurtenance in a reasonable safe condition and free from hazards putting the plaintiff at a risk of harm.

(f)    failing to use ordinary care to properly inspect the subject locomotive to ensure that same was in a reasonable safe condition;

(g)    failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance , operation and/or use of the subject locomotive and/or its locomotive seat, chair and/or other appurtenance;

(h)    failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions involving the locomotive and/or its locomotive seat, chair or other appurtenance, as more fully described above; and

(i)    failing to provide plaintiff with proper tools and equipment to perform his job without risk of injury.

9.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his back by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

10.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

11.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

12.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

13.    The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and employees and/or its

ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff, Robert Mercier, demands judgment in his favor and against defendant CSX Transportation in an amount in excess of the statutory arbitration limits as compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

Dated:    12-15-03

By: Mario Bozza
Mario Bozza, Esq.
BBO: 052860
63 Commercial Wharf
Boston, MA 02110
617-367-3100

Of Counsel:

By
Adam D. Wilf, Esq.
BARISH LAW OFFICES, P.C.
1601 Cherry Street
Three Parkway – 13th Floor
Philadelphia, PA 19102

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)_____

    **Robert Mercier v. CSX Transportation**

    FILED
    CLERKS OFFICE

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See
    local rule 40.1(a)(1)).

    2003 DEC 29 P 12: 27

    ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases
    U.S. DISTRICT COURT
    DISTRICT OF MASS.

    ☒  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891,

    ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    N/A

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                        YES ☐      NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)

                                                        YES ☐      NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                        YES ☐      NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                        YES ☐      NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

                                                        YES ☐      NO ☒

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐        Central Division ☐        Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies, residing in Massachusetts reside?

        Eastern Division ☐        Central Division ☐        Western Division ☒

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)

                                                        YES ☐      NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___Mario Bozza___                    ___Adam D Wolf___

ADDRESS ___63 Commercial Wharf___                    ___1601 Cherry St, Suit 1320___
        ___Boston, MA 02110___                       ___Philadelphia PA 19102___

TELEPHONE NO. ___617 - 367 - 3100___

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Robert Mercier

DEFENDANTS

CSX Transportation

FILED
IN CLERKS OFFICE

2003 DEC 29 P 12: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Adam D. Wilf, Esq.
BARISH LAW OFFICES
1601 Cherry St., 13ᵗʰ Fl.
Philadelphia PA 19102
215-923-8900

Mario Bozza, Esq
63 Commercial Wharf
Boston, MA 02110
617-367-3100

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product  Med. Malpractice | ☐ 625 Drug Related Seizure  28 USC 157 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  Liability  ☐ 365 Personal Injury — | of Property 21 USC | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &  Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of  Judgment |  Slander  ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☒ 330 Federal Employers'  Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent |  Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |  Liability  Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine  **PERSONAL PROPERTY** | Safety/Health | | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product  ☐ 370 Other Fraud | ☐ 690 Other | **LABOR** | Exchange |
| ☐ 153 Recovery of Overpayment |  Liability  ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 380 Other Personal | | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  Property Damage | ☐ 710 Fair Labor Standards  ☐ 861 HIA (1395ff) | | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract |  Product Liability  ☐ 385 Property Damage | Act  ☐ 862 Black Lung (923) | | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury  Product Liability | ☐ 720 Labor/Mgmt. Relations  ☐ 863 DIWC/DIWW (405(g)) | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate | ☐ 730 Labor/Mgmt. Reporting  ☐ 865 RSI (405(g)) | | ☐ 895 Freedom of |
| ☐ 220 Foreclosure | ☐ 442 Employment  Sentence | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/  Habeas Corpus: | ☐ 740 Railway Labor Act  ☐ 870 Taxes (U.S. Plaintiff | | ☐ 900 Appeal of Fee |
| ☐ 240 Torts to Land |  Accommodations  ☐ 530 General | or Defendant) | | Determination Under Equal Access to |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation  ☐ 871 IRS—Third Party | | Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights  ☐ 540 Mandamus & Other | 26 USC 7609 | | ☐ 950 Constitutionality of |
| | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc.  | | State Statutes |
| | ☐ 555 Prison Condition | Security Act | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Employers' Liability Act, 45 U.S.C.A. §§51, et seq., Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., recodified in 49 U.S.C.A. §§20301, et seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint

JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

NONE

JUDGE _____

DOCKET NUMBER _____

DATE  12-15-03

SIGNATURE OF ATTORNEY OF RECORD  *Mario Bozza*

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____