## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT F. MERCIER, | : |
| | : |
| Plaintiff | : |
| v. | : |
| | : Civil Action No. 03-12611-MAP |
| CSX TRANSPORTATION, INC., | : |
| | : |
| Defendant | : |

## ORDER

And now, on this _____ day of _____, 2005, after consideration of Defendant's

*Motion in Limine to Exclude Reports of the Plaintiff's Accident,* and any response thereto, it is

hereby ordered and decreed that Defendant's motion is DENIED.


BY THE COURT


_____
J.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ROBERT F. MERCIER,                              :
                              :
                    Plaintiff  :
                              :
        v.                              :
                              :
CSX TRANSPORTATION, INC.,                       :     Civil Action No. 03-12611-MAP
                              :
                              :
                    Defendant  :
                              :

## PLAINTIFF ROBERT F. MERCIER'S RESPONSE TO DEFENDANT CSX TRANSPORTATION INC.'S MOTION IN LIMINE TO EXCLUDE REPORTS OF THE PLAINTIFF'S ACCIDENT

The plaintiff, Robert F. Mercier ("Plaintiff"), by and through undersigned counsel, and in response to Defendant's motion in limine to exclude reports of the plaintiff's accident, avers as follows:

## I.    FACTUAL BACKGROUND

On June 27, 2003, Defendant's employee, Steve Wilson, one of Plaintiff's supervisors, prepared a *Personal Injury/Occupational Illness Report* pertaining to Plaintiff's accident. *See* Defendant's Exhibit "A". The Report contains a statement from Plaintiff describing that when Plaintiff went to adjust his seat back on Engine 5105 and leaned back, the seat back fell back on him. In addition, the Report provides that the train was moving to the next station, and Plaintiff was seated and looking forward. However, in response to a section of the Report entitled, "Describe Factors Associated With Case," Mr. Wilson provided that the "locomotive seat [was] vandalized." Defendant seeks to prohibit the Report as such or the conclusions regarding Plaintiff's accident and injuries as inadmissible hearsay.

-1-

## II.    ARGUMENT

Under Fed. R. Evid. 801, hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Under Fed. R. Evid. 802, hearsay is not admissible except as provided by the Federal Rules of Evidence or by other rules prescribed by the United States Supreme Court pursuant to statutory authority or by act of Congress. However, Fed. R. Evid. 803 sets forth twenty-four (24) exceptions to the hearsay rule that may be invoked without regard to the availability of the declarant. Under Fed. R. Evid. 803(6), an exception to hearsay is a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with other Federal Rules of Evidence, or a statute permitting certification.

In the present case, Plaintiff's supervisor, Steve Wilson, prepared a *Personal Injury/Occupational Illness Report* on a form provided by his employer (Defendant railroad). Federal courts recognize that where the requirements of Rule 803(6) are satisfied, accident reports generated by a railroad may be admitted into evidence. See, Muzzleman v. National Railroad Passenger Corp., 839 F.Supp. 1094 (D. Del. 1993), *citing* Wertz v. Consolidated Rail Corp., 1993 U.S. Dist. LEXIS 13563; Barnes v. St. Louis S.W. Ry. Co., 1992 U.S. Dist. LEXIS 12014; Wageler v. Missouri Pacific Railroad Co., 1988 U.S. Dist. LEXIS 15044. As long as Plaintiff can establish that Defendant was a "business" under the Rule, that the Report was made at or near the time of the accident, was part of a regularly conducted business activity, and was made by, or

generated from information supplied by, a person with knowledge, the accident report is admissible. It is anticipated that Steve Wilson, or a keeper of the records of Defendant, will provide said testimony.

In the alternative, Defendant argues that even if the Report itself is not considered hearsay, Mr. Wilson's conclusions regarding Plaintiff's accident and injuries sustained is clearly "totem-pole" hearsay since it is based solely on Plaintiff's own hearsay statement, or on the statement of a co-worker which in turn is based on Plaintiff's statement, in violation of Fed. R. Evid. 805. It is unclear from a review of the Report how Mr. Wilson obtained the information provided. However, if both the source and the recorder of the information, as well as every other participant in the chain producing the record, are acting in the regular course of business, the multiple hearsay is excused by Fed. R. Evid. 803(6). United States v. Baker, 224 U.S. App. D.C. 68, 693 F.2d 183 (D.C. Cir. 1982). As previously stated, Mr. Wilson would be acting in the regular course of Defendant's business by undertaking an investigation of an accident and preparing a *Personal Injury/Occupational Illness Report*. Under these circumstances, the information acquired, and conclusions reached, even if based on multiple hearsay, are admissible under Fed. R. Evid. 803(6).

WHEREFORE, based on the foregoing reasons, Plaintiff respectfully requests that Defendant's *Motion in Limine to Exclude Reports of the Plaintiff's Accident* be denied.

Respectfully submitted,

BARISH LAW OFFICES, P.C.

By: _____
    RUDOLPH V. DE GEORGE, II, ESQUIRE
    ATTORNEY FOR PLAINTIFF
    Barish Law Offices, P.C.
    Three Parkway, Suite 1320
    1601 Cherry Street
    Philadelphia, PA  19102
    (215) 923-8900

-4-

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ROBERT F. MERCIER               :

         Plaintiff,         :

                     :      Case Number: 03 12611 JLT

            v.             :

                     :

CSX TRANSPORTATION, INC.,    :

                     :

         Defendant       :      <u>JURY TRIAL DEMANDED</u>

## PLAINTIFF'S ANSWERS TO DEFENDANT'S
### FIRST SET OF INTERROGATORIES

The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party and attorney, unless privileged. The word usage and sentence structure may be that of the attorney assisting in the preparation of the answers and, thus does not necessarily purport to be the precise language of the executing party.

1.    Robert F. Mercier, 71 Petrified Gardens Road, Saratoga Springs, NY 12866. 8/15/1950
Conductor with CSX, 1 Bell Crossing, Selkirk, NY. 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.

2.    I was sitting on the seat on the engine, when I went to turn the knob to recline the seat back, it went straight back and fell to the floor and I landed on top of his work bag.

3.    CSX Transportation, Inc., Kevin M. O'Toole.

4.    D.G. Viershilling, Engineer, CSX.
S.T. Cowles, UTU Representative.

6.    Lower back pain, cannot stand for more than 20 minutes without severe pain, have severe pain shooting down my leg; also, see attached medical records, reports and bills. I have not recovered fully, not sure when recovery is going to be complete.

7.    Dr. Steve Foley, Chiropractor, Church Street, Saratoga Springs, NY 12866. $15.00 co-pay per visit, re-adjusts spine.

8.    No, I was not confined to any facility.

9.    No, I was not confined to bed as a result of the accident.

10.    No, I am not required to wear any support.

11.    5-20-03 - 6-9-03; 6-29-03 to 3-1-04; wage loss $33,448.00 (37 weeks at $904.00 per week).

12.    I lost my car and my trailer because of being out of work. I could not make payments. I do not know amount owed. Trailer - $310.00 a month, lot rent payment.

13.    Defendant knew or should have known of the existence of the broken seat.

14.    I feel that my injury was a result of a defect in the seat's mechanism.

15.    I feel that the seat on the engine was not safe. There are always things that are broken on the engines.

16.    See answer to number 15 above.

17.    I am a member of the UTU Union.

18.    All treating physicians, see attached medical records, reports and bills; liability expert to be determined.

19.    I am limited as to what I can do. When I am sitting on the engine for so long I have the back pain.

20.    No, I never applied for a disability benefit. I was receiving my wages from Railroad Retirement for being hurt.

21.    None.

22.    Not applicable.

23.    Not applicable.

24.    They should have inspected all the things on the engine to make sure they were up to standard; also see complaint.

25.    Not applicable.

BARISH LAW OFFICES, P.C.

By: _____

RUDOLPH X. DeGEORGE, II, ESQUIRE
Attorney for Plaintiff

of counsel

Ronald M. Davids
DAVIDS & SCHLESINGER
40 Washington Street
Suite 250
Wellesley, MA 02481

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff's Interrogatories Addressed to Defendant was served by first-class mail, postage prepaid, upon:

Richard A. Davidson, Jr.,Esquire
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169

on this ___7___ day of ___SEPT___, 2004.

BARISH LAW OFFICES, P.C.

By: _____
RUDOLPH V. DeGEORGE, II, ESQUIRE

# EXHIBIT B

# FLYNN & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

189 STATE STREET
SIXTH FLOOR
BOSTON, MASSACHUSETTS 02109
TELEPHONE (617) 722-8253
FACSIMILE (617) 722-8254
E-MAIL: *flynnlaw@flynnassoc.com*

MICHAEL B. FLYNN*
RICHARD A. DAVIDSON, JR.
LORI A. MCCARTHY†
JOHN E. YOUNG, IV
BETHANY M. MACRACEK

*also admitted in NY
†also admitted in CT

OF COUNSEL:
DURKIN, MCDONNELL, CLIFTON,
& O'DONNELL

DETROIT OFFICE:
PENOBSCOT BUILDING
645 GRISWOLD STREET
STE 3253
DETROIT, MICHIGAN 48226
TELEPHONE (313)963-3033
FACSIMILE (313)963-3011

January 28, 2004

**SENT VIA 1ST CLASS U.S. MAIL**
**& FACSIMILE: (215) 351-0593**

Steven M. Lafferty, Esq.
Barish Law Offices, P.C.
Three Parkway, Suite 1320
1601 Cherry Street
Philadelphia, PA 19102

RE:     ROBERT F. MERCIER v. CSX TRANSPORTATION, INC.
        U.S. District Court. C.A. No.: 03 12611 JLT

Dear Mr. Lafferty:

This letter is being sent to follow-up my recent telephone messages left at your office wherein I have been attempting to discharge my obligations pursuant to L.R. 7.1.

We have been retained to represent CSX Transportation, Inc. ("CSX") concerning your client's claims in the above-captioned matter. CSX desires to transfer this action from the Eastern Division to the Western Division of the District of Massachusetts given that CSX's claims office is located in Easthampton, MA, that most of its records and witnesses will be coming from Selkirk, NY, and your client and his treating physicians are from eastern New York. A draft motion to transfer the case is included herein for your review. The motion clearly would benefit both parties during discovery and at trial.

Kindly advise me whether or not your client will be opposing the motion to transfer. If your client will not be opposing the motion will you kindly advise me whether or not he would assent to the transfer the matter. Your prompt response to the foregoing will be appreciated. If I do not hear from you by close of business this date, then I will file the motion with the court.

Steven M. Lafferty, Esq.
January 28, 2004
Page 2

tomorrow morning with a certificate containing information as to my efforts and attempts to contact you to discuss same.

I look forward to speaking with you concerning this matter.

Sincerely,

Richard A. Davidson, Jr.

pc:     Rebecca E. Savoie
        Michael B. Flynn, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT F. MERCIER,
                 Plaintiff,

          v.

CSX TRANSPORTATION, INC.,
                 Defendant.

Case Number:  03 12611 JLT

## MOTION TO TRANSFER ACTION TO THE WESTERN DIVISION

The defendant, CSX Transportation, Inc. ("CSX"), hereby moves, pursuant to L. R. 40.1(F), that this Honorable Court transfer this action to the Western Division.

As grounds therefore, the defendant states as follows:

1.      CSX maintains a General Claims Office located in Easthampton, MA, which is located in Hampshire County and within the jurisdiction of the Western Division. *See*; R. 40.1(C)(3).

2.      CSX maintains no other General Claims Office within the District of Massachusetts.

3.      Plaintiff, Robert F. Mercier ("Mercier"), is a resident of Saratoga Springs, NY.

4.      Saratoga Springs, NY is located nearest to the Western Division of the District of Massachusetts than any other division.

5.      Upon information and belief, CSX states that all of Mercier's treating physicians and witnesses are located in the State of New York in or near Selkirk, Albany, and/or Clifton Park, and these cities are located nearest to the Western Division than to any other division of the District of Massachusetts; therefore, it would be most convenient to the plaintiff and his witnesses that the case be transferred to the Western Division.

6.    CSX states that it would be convenient to its witnesses and expedite the discovery of this action that the action be transferred to the Western Division as most of its witnesses and records, which are necessary to defend this action, are located in or near Selkirk, NY.

7.    On his Category Sheet, filed with the *Complaint*, Mercier correctly identified, at ¶ 7, that that CSX's General Claims Office was located in the Western Division. *See Category Sheet*, a copy of which is attached hereto as Exhibit "A."

8.    The interests of justice would be best served by the allowance of this motion.

9.    CSX states that the foregoing demonstrates good cause and the within motion should be allowed in the interest of judicial economy and convenience of the parties.

WHEREFORE, CSX Transportation, Inc. requests that this matter be transferred to the Western Division of the District of Massachusetts.

## REQUEST FOR HEARING

In accordance with Local Rule 7.1(D), the defendant believes that oral argument may assist the court and wishes to be heard and therefore requests that the court schedule a hearing on the within motion.

Respectfully submitted,
CSX TRANSPORTATION, INC.,
by its attorneys,

Michael B. Flynn             BBO # 59023
Richard A. Davidson, Jr.     BBO # 52988
FLYNN & ASSOCIATES, P.C.
189 State Street
Sixth Floor
Boston, MA 02109
(617) 722-8253

Dated: January 28, 2004

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN CLERKS OFFICE

COPY

|  |  |
|---|---|
| ROBERT MERCIER<br>71 Petrified Gardens Road<br>Saratoga Springs, NY 18266<br><br>Plaintiff,<br><br>v.<br><br>CSX TRANSPORTATION<br>116 Pleasant Street<br>Easthampton, MA 01027 | 2004 DEC 29 P 12:43<br><br>U.S. DISTRICT COURT<br>DISTRICT OF MASS.<br><br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

03  12611 JI

CIVIL ACTION NO.

## COMPLAINT

COMES NOW the plaintiff, Robert Mercier, by and through the undersigned counsel, Mario Bozza, Esq and Barish Law Offices, P.C., and claims of the defendant, CSX Transportation, an amount in excess of the statutory arbitration limits, and avers the following:

1.    Plaintiff, Robert Mercier is an adult individual residing at 71 Petrified Gardens Road, Saratago Springs, NY 18266.

2.    Defendant, CSX Transportation, its predecessors, subsidiaries, agents, servants and employees, at all time pertinent in the past, is a domestic corporation engaged in the business of a common carrier by railroad in interstate commerce. At all relevant times, the Defendant and/or Defendant's predecessors in interest was regularly and systematically conducting its business activities and affairs within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce and was engaged in interstate commerce and transportation.

3.      At all times material hereto and for some time prior thereto, plaintiff was in the employ of defendant as an engineer in its business of interstate commerce and transportation by railroad.

4.      This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§51, et seq. (1908) and the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., recodified in 49 U.S.C.A. §§ 20301, et seq., and Locomotive Boiler Inspection Act, 45 U.S.C.A. §§ 23, et seq., recodified in 49 U.S.C.A. §§ 20702, et seq.

5.      At all times material hereto, and for a significant and prolonged period of time prior thereto, plaintiff was working in the course and scope of his employment as a conductor at the defendant's train Q11920 traveling in or about Grafton, Massachusetts.

6.      On or about May 20, 2003, while working aboard defendant's train traveling from Boston, Massachusetts to Selkirk, New York, and while on a locomotive in the course and scope of his employment, plaintiff was caused to suffer severe personal injuries when the seat and/or chair gave way and/or collapsed at or near Grafton, Massachusetts.

7.      Plaintiff's injuries were caused, both directly and proximately, by the negligence, gross negligence, carelessness, recklessness, and/or unlawful conduct of the defendant acting by and through its agents, servants and employees and/or its ostensible agents, servants and employees in the following respects:

        (a)     failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to maintain the subject locomotive and/or the subject seat, chair and/or other appurtenance in a reasonable safe condition;

(b)     failing to properly maintain, inspect and repair such seat, chair and/or other appurtenance which plaintiff was required to use in the course and scope of his employment to ensure that same were reasonably safe to use and in good working condition;

(c)     failing to warn plaintiff of the hazardous and/or dangerous condition of the work area, including but not limited to the subject locomotive and/or its subject seat, chair and/or other appurtenance which was defective.

(d)     failing to remedy and/or correct the defective, dangerous and/or hazardous conditions of the subject locomotive and/or its locomotive seat, chair or other appurtenance, when defendant knew or should have known that said conditions existed.

(e)     failing to use ordinary care to service and/or maintain the subject locomotive and/or its locomotive seat, chair or other appurtenance in a reasonable safe condition and free from hazards putting the plaintiff at a risk of harm.

(f)     failing to use ordinary care to properly inspect the subject locomotive to ensure that same was in a reasonable safe condition;

(g)     failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance , operation and/or use of the subject locomotive and/or its locomotive seat, chair and/or other appurtenance;

(h)     failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions involving the locomotive and/or its locomotive seat, chair or other appurtenance, as more fully described above; and

(i)     failing to provide plaintiff with proper tools and equipment to perform his job without risk of injury.

9.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his back by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

10.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

11.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

12.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses or losses.

13.    The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and employees and/or its

ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff, Robert Mercier, demands judgment in his favor and against defendant CSX Transportation in an amount in excess of the statutory arbitration limits as compensatory damages together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

Dated:    12-15-03

By: *Mario Bozza*
Mario Bozza, Esq.
BBO: 052860
63 Commercial Wharf
Boston, MA 02110
617-367-3100

Of Counsel:

By
Adam D. Wilf, Esq.
BARISH LAW OFFICES, P.C.
1601 Cherry Street
Three Parkway – 13th Floor
Philadelphia, PA 19102

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)_____

**Robert Mercier v. CSX Transportation**

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

FILED
CLERKS OFFICE

2003 DEC 29 P 12: 27

□  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

□  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

*Also complete AO 120 or AO 121 for patent, trademark or copyright cases
DISTRICT COURT
DISTRICT OF MASS

☒  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

□  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

□  V.   150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

N/A

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES □   NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES □   NO ☒

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES □   NO □

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES □   NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES □   NO ☒

A.  If yes, in which division do all of the non-governmental parties reside?

Eastern Division □   Central Division □   Western Division □

B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division □   Central Division □   Western Division ☒

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES □   NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Mario Bozza        Adam D Wilf

ADDRESS  63 Commercial Wharf    1601 Cherry St, Suit 1325
Boston MA 02110    Philadelphia PA 19102

TELEPHONE NO.  617-367-3100

(Coversheetlocal.wpd - 10/17/02)

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Robert Mercier

## DEFENDANTS

CSX Transportation

FILED IN CLERKS OFFICE
2003 DEC 29 P 12:27
U.S. DISTRICT COURT
DISTRICT OF MASS.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Adam D. Will, Esq.
BARISH LAW OFFICES
1601 Cherry St., 13th Fl.
Philadelphia PA 19102
215-923-8900

Mario Bozza, Esq
63 Commercial Wharf
Boston, MA 02110
617-367-3100

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans' Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Employers' Liability Act, 45 U.S.C.A. §§51, et seq., Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., recodified in 49 U.S.C.A. §§20301, et seq.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE 12-15-03

SIGNATURE OF ATTORNEY OF RECORD _Mario Bozza_

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____